## SUPREME COURT.

John H. Bacon, Jr., as treasurer of the New York and Boston Express Company, agt. William B. Dinsmore, as president of the Adams Express Company.

Where a transitory action is brought in the name of the treasurer of an *express company* against the president by name, of another *express company*, the question of a change of *venue* is to be governed by the *residence of these parties.*

Thus, where it appeared that the *venue* was laid in the county of Kings, where the plaintiffs company had a principal business office, but he was a resident of Massachusetts, and the defendant was a resident of the city and county of New York, where the company had its principal business office, and that the plaintiff had also an office of business at the latter place, the *venue* was properly changed from Kings to New York, although both parties were joint stock associations.

*General Term, Kings County, February,* 1872.

*Before* Joseph F. Barnard, *P. J., and* Gilbert *and* Tappen, *JJ.*

The venue of this action (the subject of which was transitory and not local) was laid in Kings county. Before answer, the defendant under section 125 of the code, moved to change the venue to the county of New York. By the motion papers, used in support of such motion, it appeared that both the New York and Boston Express Company and the Adams Express Company were joint stock associations; that the plaintiff John H. Bacon, Jr., was a non-resident of the state, and that the defendant William B. Dinsmore, was a resident of the city of New York; that the principal office or place of business of both of said companies was in the city of New York, and that the Adams Express Company had no office and transacted no business in the county of Kings. The plaintiff read in opposition to the motion affidavits to the effect that the New York and Boston Express Com-

pany had *an* office in the city of Brooklyn, and transacted business in the county of Kings, and that its superintendent resided in said city. The motion was denied by Mr. Justice PRATT at special term, who held that "in the matter of suing and being sued joint stock associations are governed by same rules that apply to corporations. A corporation has its residence wherever it has a place of business. It follows that the plaintiff having a place of business in Kings county, that county for the purposes of this case is its residence (*see* 17 *How.*, 543)."

The defendant thereupon appealed to the general term.

CLARENCE A. SEWARD *and* CHARLES M. DA COSTA, *for appellant.*

This is an appeal from an order, made at special term by Mr. Justice PRATT, on the 28th November, 1871, denying the defendant's motion to change the place of trial from the county of Kings to the county of New York. On the affidavit of Isaiah C. Babcock, the demand that the place of trial should be changed to the proper county, to wit: the county of New York, duly served upon the plaintiff's attorney, and the complaint, the defendant, before answering, obtained an order to show cause why the place of trial should not be so changed. The affidavit of Isaiah C. Babcock is to the effect, that John H. Bacon, Jr., plaintiff in this suit, is a non-resident of the state of New York, to wit: a resident of the state of Massachusetts; that the president of the defendant's company is a resident of the city and county of New York; that its principal office or place of business is in the city and county of New York; that the defendant, William B. Dinsmore, is a resident of the city and county of New York; that the principal office or place of business of the defendant's company is situate in the city and county of New York; and that the said company have no office nor transact any business whatever in the county of Kings.

The complaint in this action is certainly *sui generis*. It is in effect a bill in equity, brought by one express company to compel another, its rival, to carry for it all its freight and other transportable matter; in other words, to give to the express company so complaining, all the benefit to be derived from the capital, enterprise, means, and machinery of its rival.

The gravamen of the complaint consists in the alleged refusal of the Adams Express Company to carry the packages and merchandise entrusted to the Boston and New York Express Company, from New York to Baltimore and other cities and places south of New York; the lines of the Boston and New York Express Company extending only from Boston to New York and no further.

The plaintiff, in opposition to the motion, read the affidavits of W. H. Morgan and of W. R. Evans, which are to the effect that the Boston and New York Express Company have an office in the county of Kings, that the superintendent resides there, and that they believe that the superintendent of the Adams Express Company and some of the shareholders reside in the county of Kings. None of the allegations in Mr. Babcock's affidavit, however, are controverted.

I. By the 125th section of the Code it is provided, that in all other cases, the action shall be tried in the county in in which the parties, or any of them, reside, at the commencement of the action, but if none of the parties shall reside in the state, the same shall be tried in any county which the plaintiff shall designate in his complaint."

The motion was made as matter of right, under such section, and the order denying the same is appealable (*Starks* agt. *Bates*, 12 *How.*, 465; *Leland* agt. *Hathorn*, 42 *N. Y.*, 547).

II. Both of the express companies—plaintiff's and defendant's—are joint stock associations, created under the laws of the state of New York.

By the act of 1849, chapter 258, and by the act of 1853, chapter 153, it is provided:

(*a.*) That suits by joint stock associations may be brought

in the name of the president or treasurer for the time being.

(*b.*) That suits against such joint stock associations must be brought primarily against the president or treasurer for the time being ; in other words, where a joint stock association is plaintiff, it is competent either to bring the suit in the names of the officers so designated, or in the names of all the shareholders ; but where the joint stock association is defendant, the suit in the first instance must be brought against such officers.

III. The plaintiff's company has elected to avail itself of the statutory privilege given it, to bring this action in the name of its treasurer, and hence, he is the party plaintiff to the action, and his residence will be controlling under section 125 of the Code.

It is conceded, by not being denied, that the plaintiff, John H. Bacon, Jr., is a non-resident of the state of New York, to wit, a resident of the state of Massachusetts, and that the defendant, William B. Dinsmore, is a resident of the city and county of New York. It follows, therefore, that the county of New York, is the proper place of trial of this action.

Suppose, for example, that a statute existed allowing every partnership to bring suits, either in the name of its senior partner, or in the name of all its partners. If the firm availed itself of such statutory enactment, and brought a suit in the county of Kings, in the name of its senior partner, who was a non-resident of the state, against a debtor residing in the city and county of New York, can it be doubted for one instant, that under the 125th section of the Code, the county of New York would be the proper place of trial.

IV. Nor can it be claimed that any supposed rules of law applicable to suits against corporations can be invoked by the plaintiff in his favor, for neither the plaintiff's company nor defendant's company is a corporation.

The 5th section of the act of 1849, expressly provides,

that such joint stock associations shall not be deemed corpora-
tions, and to the same effect is the act of 1854, chapter 254.

See also *New York Iron Works* agt. *Smith*, (4 *Duer*, 374,)
and the unreported general term case of *Bell* agt. *Sweetser*,
*opinion by* T. R. STRONG, *J.*

They are simply partnerships, with certain corporate
rights, especially given them by statute, and no others (1
*Parsons on Contracts*, 121 ; *Bell* agt. *Sweetser, supra* ;
*Supervisors, &c.* agt. *The People*, 7 *Hill*, 513 ; *Witherhead*
agt *Allen*, 3 *Keyes*, 562, 564.)

They have the right to devolve the transactions of their
busniess on three or more of the association (*Act of* 1854,
*chap.*, 245 ;) and by the statute hereinbefore referred to,
suits against such associations, must in the first instance, be
brought against the designated officers, while suits by such
associations, may either be brought in the names of such
officers, or in the names of the associates.    Before the
passage of the act referred to, suits both by and against such
associations, had to be brought in the name of all the
associates, and the death of any associate, or the transfer of
his interest, caused the abatement of such suits.    The ob-
ject of the acts above referred to was, to prevent such oc-
currences.

V. But even should the court consider these joint stock
associations as *quasi* corporations, and therefore, apply to
them the rules applicable to corporations, yet, it is respect-
fully submitted, even in that view, the venue has been im-
properly laid in Kings county, and the county of New York
is the proper place of trial.

(*a.*) It appears, that the defendant's company have no
office, and transact no business whatever in Kings county,
and that the principal places of business, both of the plaintiff
and defendant, are in the city and county of New York.

The principal place of business of a corporation is its
residence (*Conroe* agt. *National Protection Ins. Co.*, 10
*How.*, 403.)    In *Hubbard* agt. *The National Protection Ins.*

*Co.*, (11 *How.*, 149,) the court said : "The defendant's' charter having prescribed where their general business should be done, they are not authorized to change the place, and the affidavit states that they are in fact located and doing business there. That must be considered their place of residence, and the fact that they have an office in the city of Buffalo, where some of their business is done, does not make them residents there. Their residence is where their general business is transacted." Citing with approval the case of Conroe against the same defendants, (10 *How.*, 403,) see also, *Jenkins* agt. *The California Stage Co.* (22 *Cal.*, 538.)

(*b.*) The cases in the books (like *Belden* agt. *New York and Harlem Railroad Co.*, 15 *How.*, 17,) which hold that a railroad company might be sued in any county through which its track ran, and would be regarded as a resident of every such county, turned upon the consideration of their ownership of such track and the appurtenant real estate in each such county.

The dictum of HARRIS, J., in *Pond* agt. *The Hudson River Railroad Co.*, (17 *How.*, 544,) that "if it has several places of business it must also be deemed to have several places of residence," was *obiter*, and unsupported by reason or authority, unless such remark be construed as applying only to the case before it, that of a railroad corporation running and owning its track in the various counties.

If the rule, as laid down in the cases in 10 *and* 11 *How.*, (*supra*,) be not followed, then this absurd rusult would follow, viz. : a natural person can have but one residence ; an artificial person, that is, a corporation, may have innumerable residences.

(*c.*) So, too, for the purpose of taxation, the place where, in point of fact, its principal financial office has been established, will be deemed its place of residence, and it cannot be changed by establishing an office or transacting any portion of its business elsewhere (*Oswego Starch Factory* agt. *Dolloway*, 21 *N. Y.*, 449, 455.)

VI. Consideration, too, should be given by the court to the facts:

1. That the alleged cause of action arose in the county of New York.

2. That the defense arises there also.

3. That the principal offices both of plaintiffs' and defendants' companies are situated in the city of New York.

4. That the witnesses on both sides must, of necessity, reside there.

5. That the defendant to the record resides there.

6. That the plaintiff is a non-resident of the state.

All of such facts would govern the court in deciding a motion to change the venue after issue joined (*rule* 60,) and it is respectfully submitted, should influence the decision of the present motion made, if any doubt as to its legality exists.

VII. The order appealed from, should be reversed, with costs, and an order entered changing the place of trial to the county of New York.

W. H. MORGAN *and* E. LOUIS LOWE, *for respondent.*

This is an appeal from an order denying defendant's motion to change place of trial.

Motion was made upon the ground that, neither plaintiff nor defendant resides in the county of Kings, under section 125 of the Code.

The plaintiff's uncontradicted affidavits show that, it is an express company largely engaged in business in Brooklyn, where it has one of its principal offices and agencies, advertised as such, and much property, and where it employs the necessary men to conduct its affairs, and to attend to its express wagons, which are regularly engaged in carrying express matter in that city, and thence to all points reached by its routes of carriage ; and that its superintendent resides there.

I. The laws of 1849, ch. 258; 1851, ch. 445, and 1854, ch. 245, provides that joint stock companies, consisting of seven or more, may sue and be sued in the name of the president or treasurer.

II. In *Waterbury* agt. *Merchants Union Express Company*, (50 *Barb.*, 160,) (which was an action to dissolve the defendant, a joint stock company), Mr. Justice BARNARD describes the character of such associations as affixed by those laws, thus:

" 1. They can, like corporations, sue and be sued in a single or collective name, to wit, the name of their president or treasurer. 2. Their capital or property is represented in shares and certificates of stock, differing in no respect from shares and stock certificates in corporations. 3. The death of a member, his insolvency, or the sale or transfer of his interest, is not a dissolution of the company. 4. They have perpetual succession, or what is sometimes called the immortality of corporations. 5. They can take and hold real and personal estate in a collective capacity, and in perpetual succession. These are all attributes of a corporation, &c."

In that case, the defendant was treated as a corporation.

III. Such joint stock companies are treated as corporations within the meaning of the laws relating to taxation, and as such their capital is liable to be taxed (*Sandford* agt. *Supervisors of N. Y.*, 15 *How.*, 172.)

IV. In the case of *Fargo, President, &c.* agt. *McVicker*, (38 *How.*, 1, *S. C.*; 55 *Barb.*, 437) application was made by defendant to remove the case from the state court to the United States court, plaintiff being a joint stock company organized under the laws of New York, but having stockholders in other states, and defendant being a nonresident.

The general term of the supreme court held, 1st. That the residence of a corporation is in the state by whose laws it was created; 2d. That a joint stock company is to be gov-

.erned by the rules which apply to corporations; upon the question of residence.

And the court says: "As to being sued, or bringing suits by the fictitious name conferred by the state statute, they stand in the same predicament as if they were in all respects a perfect corporation created by such state law. It is the state law itself that gives this multitude of shareholders legal capacity to go into court, whether as plaintiffs or defendants, by a name furnished for that purpose under the state law. In this respect, they are the same as a corporate body, whether they be a corporate body, an associate body, a joint stock company, or association, by whatever designation they may be known."

"In this particular as party litigant, a corporate body and an associate body are identical."

"The reasoning that applies to one, applies to the other."

V. Express companies, as common carriers, are governed by the same rules in this respect as other common carriers.

VI. In *Pond* agt. *Hudson R. RR. Co.*, (17 *How.*, 543), it is decided, that a railroad company, organized under the laws of this state, being incapable from its nature of having a domicil, its place of residence must be ascertained by its place of business, and that, if it have several places of business, it must also be deemed to have several places of residence; that, as the defendants were carriers of passengers and freight between New York and Albany, and received fare at Albany, and there contracted for transportation to different places along the line of their road, it made no difference that no part of the track was located in Albany county, and that the connection between Albany and the railroad was made by ferryboat. Neither did it make any difference that the principal business of the defendants was transacted in New York. Their place of business at Albany gave them residence there. That was an action for personal injuries to the plaintiff.

Bacon agt. Dinsmore.

*By the court*, GILBERT, J.—The defendant has a legal right to have the place of trial changed to New York, if the persons named as plaintiff or defendant are the parties to the action. The court has no discretion about it (*Code*, § 125.)

We think they are parties. The associations which they represent, clearly are not, nor could they be made parties, inasmuch as they have no legal capacity to sue, or to be sued. Such associations are not corporations, but are mere partnerships. But for the statute authorizing suits to be brought by and against them in the name of officers thereof, all the partners would have to be joined as plaintiffs and defendants. Suits may still be brought by such associations although, when sued, it must, in the first instance, be in the name of the president or treasurer (*Laws* 1849, *ch.*, 258, 1853, *ch.*, 153.) The partners are not parties, because they are not named on the record.

It is not even known how many, or who they are. The parties named are, therefore, the parties in a legal sense. It is true, the suit is carried on for others who are beneficially interested with the nominal parties, but that is the case, when the action is brought by the trustee of an express trust (*Code*, § 113,) by an agent contracting in his own name, without disclosing his principals, or when the contract is made for an unknown principal, by executors and administrators and the like cases. And yet, it is clear, that such beneficiaries are not parties to such actions. The superior court of New York, took a similar view of the subject in a case arising under section 390 of the Code, authorizing the examination of a party (*Woods* agt. *De Figaniere*, 16 *Abb.*, 1.)

The order appealed from, must be reversed, with $10 costs, and an order must be entered, changing the place of trial to the city and county of New York.