(12 Misc. Rep. 310.)

### PECK et al. v. RICHARDSON et al.

(Supreme Court, Special Term, Seneca County. April, 1895.)

PARTIES—ADMINISTRATORS AND NEXT OF KIN.

　　In an action to procure an adjudication that certain property possessed by a deceased wife was in fact owned by her deceased husband, and that the executor of the wife should account therefor, and that it be distributed among those entitled, the next of kin of the husband are properly joined with his administrators as parties plaintiff.

Action by Marcus L. Peck and others against John E. Richardson, as executor of the will of Lucy Schryver, deceased, and others. Defendant Richardson demurs to the complaint. Overruled.

Miller, Gridley & Pratt, for plaintiffs.
Charles A. Hawley, for defendant.

RUMSEY, J. The complaint alleges that on the 17th day of December, 1893, one Joseph G. Schryver died intestate, and that the two plaintiffs named as administrators were duly appointed as administrators of his estate, and that the plaintiffs William T. Schryver and John G. Schryver are his only next of kin and heirs at law. That Joseph G. Schryver was married to one Lucy Schryver in the year 1848. Lucy Schryver became the owner of a considerable amount of personal property, which she continued to hold until the time of her death, which was shortly before that of her husband, except so far as she used the same to purchase real estate with. That before her death she executed a will, which is set out in full in the complaint, and that certain of the other defendants are officials of corporations which are named as legatees in the will. It is alleged that the devises to these corporations are void, and for that reason these persons are made parties to this action, but, as they have not appeared in the action and do not join in this demurrer, it is unnecessary to consider their interest any further. The complaint alleges that before her death Lucy Schryver was the owner of three pieces of real estate, which she bought with a portion of the personal property that came to her before the year 1848. It would seem, from the allegations of the plaintiff, that she died having title to this real estate, and that after her death the defendant Richardson, her executor, undertook to sell the three pieces of real estate, and did

convey them away, receiving a certain sum of money for one of them, but not yet having received the consideration for the other two parcels, which were conveyed to the defendants Allen O. Butts and Katharine Tharp. It is alleged that the consideration for those two pieces of land from Butts and Tharp is still unpaid, but the precise reason why they are made defendants is not easily to be deduced from the complaint. However, it is not very material, as no relief seems to be asked against them, and they do not appear upon the argument of this demurrer. The complaint then alleges that Lucy Schryver died in July, 1893, and before her husband, and that the defendant John E. Richardson was made executor of her will, and was qualified as such. These are substantially all the facts alleged in the complaint, except some others which seem to be incidental to the relief demanded, and which it is not necessary to refer to here. The gravamen of the action is shown by the allegation of a conclusion of law, which is that prior to the year 1848, and after her marriage, Lucy Schryver became possessed and entitled to the possession in her own right of a large amount of personal property, to wit, about $7,000, as her own property, "the title to which immediately thereafter vested in and became the property of her said husband, Joseph G. Schryver, deceased, and continued to be down to the date of his decease." It is alleged in the complaint that Lucy Schryver, without the consent or approval of her husband, used the personal property of which she became possessed to buy the two pieces of real estate which Richardson undertook to sell and for which he has not received the pay. The relief demanded in the complaint is, among other things, that the plaintiffs have judgment that all the personal property of which Lucy Schryver became possessed before 1848 was the property of said Joseph G. Schryver, and passed, as a part of his estate, to the two plaintiffs who are his administrators, and to John G. Schryver and William T. Schryver, his next of kin, and the further judgment that, when Lucy Schryver took title to the real estate mentioned in the complaint as sold to Butts and Tharp, such title vested in her as trustee for her husband, Joseph G. Schryver. While this demand for relief is no part of the complaint, and is not the subject of a demurrer, yet it is proper to refer to it to ascertain the precise nature and character of the action. O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371.

The defendant Richardson alone demurs to the complaint, and his demurrer is put upon the ground solely that there is a misjoinder of the parties plaintiff, for reasons which he states in his demurrer, and that there is a misjoinder of causes of action, the nature of which is more particularly set out in the demurrer. No other grounds of demurrer are specified, and, if there are any other objections to the pleading appearing upon the face of it, they must, for the purpose of this discussion, be deemed to be waived. Insurance Co. v. Baldwin, 37 N. Y. 648. The rule requires that the grounds of demurrer shall be distinctly specified, and that the demurrer cannot be sustained upon a ground which is not stated. Carter v. De Camp, 40 Hun, 258. As the only grounds stated are those mentioned above, this discussion must proceed upon the theory that the facts stated

in the complaint constitute a good cause of action of some kind, and entitle the plaintiff to some relief, although that proposition of law might be somewhat doubtful had the defendant seen fit to attempt to raise it. But as he has chosen to rest his demurrer upon other and practically immaterial and unimportant grounds, and to substantially concede that one or more causes of action have been stated in the complaint, the examination must be had within those limits to which the defendant himself has confined it by stating the grounds of his demurrer.

The first question logically presented in looking at the complaint is, what cause of action is set out in it? The defendant claims that there are several causes of action which cannot be joined. It is claimed by the plaintiff that there is but one cause of action, although it is quite a comprehensive one, and the relief asked is various in its nature. The courts have never attempted to define accurately the term "cause of action" or to strictly limit its signification. It is said by Mr. Pomeroy that if the facts alleged show one primary right of the plaintiff, and one wrong done by the defendant which involves that right, the plaintiff has stated but one cause of action, no matter how many forms and kinds of relief he may claim that he is entitled to, and may ask to recover; the relief is no part of the cause of action. In applying this test, however, it must be observed that the single primary right and single wrong, which, taken together, constitute one cause of action, may each be very complicated. For example, the primary right of ownership includes not only the particular subordinate right to use the thing owned in any manner permitted by law, but also similar rights to the forbearance on the part of all mankind to molest the proprietor in such use. Pom. Rem. & Rem. Rights, § 455. The right which is alleged in this complaint is the right of Joseph G. Schryver to own and have the beneficial use of the personal and real property of which Lucy Schryver died seised and possessed. That right not only includes the right of possession of the personal property, but the right to receive the price for the real estate which has been sold if those entitled to it elect not to disaffirm the sale. The wrong which is complained of is the act of Richardson in retaining possession of this personal property, and proposing to dispose of it pursuant to the will, and the persons who are parties to that wrong or interested in the perpetration are not only Richardson, who proposes to commit the wrong, but the persons claiming under the will, who have the right, if the will is valid, to insist that the property belonging to Mrs. Schryver and the legacies should be paid over to them. So it will be seen that, before the plaintiffs can insist upon their right to have the property left by Mrs. Schryver turned over to them, they must obtain a judgment of the court that the property belonged to the estate of Joseph Schryver, and that these persons who are claiming it as executor and legatees have no interest in it and no right to its possession. Viewed from this standpoint, I do not think that it can be said that more than one cause of action is set out in the complaint, and for this reason that ground of demurrer is not well taken. What is said above is upon the theory that a cause of action

is set out in the complaint, and it is not intended to decide that question, which has not been submitted to the court.

The next ground of demurrer to be considered, although the first one which is stated in the pleading, is that there is a misjoinder of parties plaintiff. As has been said, the theory upon which this action seems to have been brought is that the property which stood in the name of Mrs. Schryver in fact was owned by her husband, and that the plaintiffs as personal representatives and next of kin are those who are entitled to all the property which she left. The relief sought is not only to establish the right of John G. Schryver to this property, but also to procure a judgment that the ultimate title to it and right of enjoyment in it belongs to John G. Schryver and William T. Schryver, as his next of kin. Undoubtedly, were this an action at law to recover property which was claimed to belong to Joseph G. Schryver, and had it no other purpose, it would not be necessary to join as plaintiffs any others than the personal representatives of Joseph G. Schryver, because they, as his administrators, have the sole legal title to his personal property, and are the only ones necessary to be made plaintiffs in an action to recover it. But, in such a case as that even, it cannot be said that the next of kin or the persons who have the beneficial interest in the personal property, although not necessary, may not be proper parties plaintiff in the action. Section 446 of the Code of Civil Procedure prescribes that all persons having an interest in the subject of the action, and in obtaining the judgment, may be joined as plaintiffs, except as otherwise expressly prescribed in the act. There can be no doubt that the next of kin of Joseph G. Schryver have an interest in the result of this action. The administrators, it is true, have the legal title, but they have it only as trustees, and they hold it for the ultimate benefit of the next of kin. Within the plain reading of section 446, the next of kin are persons who might be properly joined in this action. Section 449 of the Code prescribes that every action must be prosecuted in the name of the real party in interest, except that the administrator may sue without joining with him the person for whose benefit the action is prosecuted. It has been held that this section is purely permissive in fact, as it is in form, and that it does not forbid an action by the beneficiaries, or by the beneficiaries with the trustee. If, therefore, the object of the action were only to procure judgment that the property possessed by Lucy Schryver was in fact owned by Joseph G. Schryver, and that the executor of Lucy Schryver should account for that property to the personal representatives of Joseph G. Schryver, the next of kin of Joseph G. Schryver might still be the proper, although not necessary, parties to such action. But the complaint goes further than that. It seeks, not only to procure a judgment that this property belongs to the estate of Joseph G. Schryver, and that it must be accounted for to the proper persons of that estate, but it seeks a distribution of that estate, and a judgment that these two plaintiffs, who are next of kin, are the persons ultimately entitled to it. Assuming, as we must, that a cause of action is set out in the complaint, and that the plaintiffs do, upon the facts, show themselves entitled to the relief

which they ask, or something like it, it is clear that before they can obtain such relief they must be parties to the action, and, as they ask for this relief as a complete determination of the questions involved in it, it is certainly proper that they should be parties plaintiff, so that they may obtain the relief which they ask.  It is not asserted that the estate of Joseph Schryver could not obtain all that it is entitled to in this action without the presence of his next of kin as plaintiffs, but all that is attempted to be decided is that they are proper plaintiffs, although not necessary, and if they are proper plaintiffs the defendant is not at liberty to object to their presence, and his demurrer on that ground is not well taken.  For these reasons the plaintiffs must have judgment upon the demurrer, upon the above terms.  Judgment directed for plaintiffs, with leave to defendant to withdraw demurrer and answer in 20 days, on payment of costs of demurrer.