(33 Misc. Rep. 64.)

### HAMILTON v. FABER et al.

(Supreme Court, Special Term, New York County. November, 1900.)

1 ACCOUNTING BY TRUSTEES—NECESSARY PARTIES.
   Where an action was brought for the removal of one of several trustees, all who had acted as such and had not been discharged should have been joined as parties.

2. ACCOUNTING BY TRUSTEES—ACTION PENDING.
   In an action against all the trustees of a trust for an accounting and for the removal of one of them, a special proceeding for the discharge of another was no bar where it did not appear that the parties were the same, and the whole purpose of the second suit was not attainable in the first.

**3. ACCOUNTING BY TRUSTEES—NECESSARY PARTIES.**

Where H.'s executors conveyed certain properties to certain trustees, but retained some interest therein, they need not therefore be made parties to an action against the trustees for an accounting, as the action covered only what the latter had received.

Action by Eleanor M. Hamilton against J. Eberhard and others. Heard on demurrer to complaint. Demurrer overruled.

Thomas Allison and Morris A. Tyng, for plaintiff.
George Zabriskie, for defendant demurrant.

BISCHOFF, J.. The action is brought by a beneficiary for an accounting by trustees, and as part of the relief the removal of one is sought upon sufficient allegations. Irrespective of the sufficiency of the allegations of the complaint as to other matters touching the acts of the demurring trustees, a cause of action, as against them, is stated, for they are necessary parties to the action to remove their co-trustee, and at least so far the complaint is proof against their demurrer. In such an action the rule is that all trustees who have acted as such, and have not been discharged, should be joined as parties. 2 Perry, Trusts (5th Ed.) § 876. One demurrant takes the further ground that the pendency of a special proceeding for his discharge, which is set forth in the complaint, discloses "another action pending," but clearly this ground is untenable. Not only does the complaint fail to show that the parties to the proceeding are the same (Code, § 488, subd. 4), but it is disclosed by the allegations that the plaintiff cannot obtain complete relief in that proceeding; while, to render this ground of demurrer availing, it must appear that "the whole purpose of the second suit was attainable in the first." Parker v. Selye, 3 App. Div. 149, 38 N. Y. Supp. 164. The claim that the executors of Charles Kennedy Hamilton (through whom these trustees derived title to the corporate interests as to which mismanagement is charged) should be made parties appears to be without foundation. Assuming, with the demurrant, that these executors retained some interest in the properties, no claim is made against them, nor in their favor, by the plaintiff, to recover property in their behalf. The plaintiff seeks only her share in the avails of properties which the executors did transfer to the trustees, and the presence of the executors is certainly not necessary to a determination of what the trustees received.

Demurrers overruled, with costs; leave to plead over on usual terms.