### BROWN v. BACHE et al.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1901.)

1. CHANGE OF VENUE—NEW PARTIES.
　　　After motion for change of venue, an order admitting other parties plaintiff, "without prejudice to any existing rights of defendants," did not affect the rights of the parties under the motion.

2. SAME—PARTIES BENEFICIALLY INTERESTED.
　　　Under Code Civ. Proc. § 448, providing that, where the question is one of common or general interest of many persons, one or more may sue or defend for all, one of a class for whose benefit an action has been brought, but who has not been named, or by order or judgment made a party, cannot be regarded as a party on a motion for change of venue, within the provision of the Code that an action shall be commenced in the county where some of the parties reside.

Appeal from special term, Erie county.

Proceedings by Wilbur C. Brown, for himself and other holders of bonds of a corporation, against Jules S. Bache and others. From an order changing the venue, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Adelbert Moot and Frank Rumsey, for appellant.
Alfred A. Cook, for respondents.

HISCOCK, J. All of the defendants who have appeared in the action are residents of the city and county of New York, within the meaning of the Code. The plaintiff, Brown, is a nonresident of the state. Therefore the defendants were entitled to have the venue changed to New York county, and the order appealed from must be

affirmed, unless the relationship of one Frances B. Le Fevre and the Fidelity Trust Company, both of the city of Buffalo, at or prior to the time when the order in question was made, was such as to make them parties to this action, and therefore render it proper to have the venue thereof laid, as it was, in Erie county. The consid-- eration of this question involves an examination of the object of the action, some of the circumstances which attended its commencement, and part of the proceedings therein since its commencement.

The action was commenced, as to some or all of the defendants who have appeared, in May, 1901. As appears by the title thereto, it purports to have been brought by the plaintiff, Brown, for himself and all other bondholders of the two railroads named and mentioned in the complaint. The defendants, except Lisman and the Colonial Trust Company, are and were prior to the commencement of the action a reorganization committee which undertook, under certain conditions, to look after and protect the interests of bondholders in said roads whose bonds had become in default, if they so desired. Lisman was the secretary of said committee, and the Colonial Trust Company was the depositary. Brown was the holder of various bonds of said roads, and prior to the commencement of the action had deposited his bonds with said committee under and in accordance with the terms of a plan or agreement which is fully set forth in the complaint. His complaint is directed against the defendants as 'such committee as aforesaid. It is, in substance, among other things, alleged that they have disregarded their duty as agents and trustees of this plaintiff and other bondholders, and failed to protect the interest of said bondholders "as a bondholders' committee," etc.; and his prayer for relief is "that the contract heretofore entered into by and between said committee and this plaintiff and other bondholders who deposited their bonds with said trust company under and by virtue thereof be vacated and held for naught, and that their power to further act as said committee, agents, and trustees for said bondholders be revoked, and that the bonds so deposited with said Colonial Trust Company or said committee under said agreement be redelivered and returned to this plaintiff and other of said depositing bondholders entitled thereto," and that the defendants be restrained from carrying out certain plans which it is alleged they have made. The said Frances B. Le Fevre and the Fidelity Trust Company are the holders of certain of the bonds of said two roads as collateral security for the repayment of certain sums of money advanced for their construction. It is recited in the order appealed from, upon the consent of counsel in open court, that said Frances B. Le Fevre and said Fidelity Trust Company are not depositing bondholders under the protective agreement set forth in the complaint, or parties thereto, and are not holders of certificates of deposit issued by the defendant trust company pursuant to said protective agreement. There appears to have been some consultation by or in behalf of said Mrs. Le Fevre with those representing the plaintiff about the commencement of this action, and she was a surety upon the undertaking given upon obtaining an injunction herein against defendants.

The demand for a change of place of trial under the Code was served on or about June 3, 1901. An order to show cause why such change should not be made (plaintiff having failed to comply with the demand) was granted June 14, 1901, and made returnable upon June 21, 1901, at the special term in Erie county. Upon the request of plaintiff's counsel the argument of the motion was postponed to July 1, 1901. Upon June 28, 1901, and thus intermediate the making of the motion and the granting of the order changing the place of trial, an ex parte order was made by a special term in Erie county, upon the petition of said Frances B. Le Fevre and said Fidelity Trust Company, providing that they be "brought into the above-entitled action and made parties plaintiff thereto by name; that the title of the action be amended so as to include them as plaintiffs, and that the summons and complaint and all other pleadings and proceedings be amended accordingly"; and "that said amendments and this order be made to take effect as of the date of the issuance of the summons herein." It was, however, expressly provided, "This order to be without prejudice to any existing rights of defendants, or any of them." In view of this last clause, we do not regard said order as having materially affected the rights of the parties upon the motion to change the place of trial at the time when the order appealed from was made. If Mrs. Le Fevre and the Fidelity Trust Company were so parties to the action at the time this motion was made that they could be regarded for the purpose of laying the venue in Erie county, then defendants had no right in the matter of having the venue changed which could be prejudiced by their being made parties by name to the action, as was done by this order of June 28th. If, on the other hand, they were not such parties to the action, then the defendants had the right at the time their motion was noticed to have the place of trial changed, and the order making Mrs. Le Fevre and the Fidelity Trust Company parties as of the time when the action was commenced expressly reserved such right of the defendants, and did not affect or impair it. Thus, therefore, the decision of this appeal seems to rest upon the determination of the question whether Mrs. Le Fevre and the Fidelity Trust Company can be regarded as parties to the action before the order was made naming them as such, within those provisions of the Code providing that an action shall be commenced in the county where some of the parties resided. Section 448 of the Code, under which plaintiff seeks the power to bring this action in behalf of Mrs. Le Fevre and the Fidelity Trust Company without their being brought in by any specific action of the court, provides that "where the question is one of common or general interest of many persons; or where the persons, who might be made parties, are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." In the first place, it may be doubted whether the question involved in this action is one of a common or general interest to the plaintiff, Brown, and to Mrs. Le Fevre and the Fidelity Trust Company. As has been stated, this action is brought by Brown, distinctly, as one who has deposited his bonds with the defendants as

a bondholders' or reorganization committee, claiming that the latter have been derelict in their duty to him as such, and asking relief against them by virtue of such relation. The persons now claiming to be parties to this action have never deposited their bonds with said committee, and, so far as we can see, have no common or general interest with Brown in his proceedings against said committee; and it is difficult to see how any judgment which he could obtain in this action upon his complaint against the defendants could be made broad enough to protect the interest of persons who had not come in with him under said reorganization agreement and deposited their bonds.

Passing by this preliminary trouble, however, we come to the question whether a person, one of a class for whose benefit an action has been brought, but who has not in any way been named in, or by order or judgment made a party to, the record of an action, is to be regarded as a party for the purpose of influencing or controlling the practice and procedure in the action. We do not think that he can be so regarded. No case has been called to our attention holding any such rule. It is true that it has been held, under certain circumstances, that, where a person is by action of the court made a party to such action, he can, for the purpose of avoiding the statute of limitations, treat the action as having been commenced for his benefit at the time the original summons was issued, rather than at the time when the order was made bringing him in. But, upon the other hand, it has been repeatedly held that, until such a person has been brought into an action by order of the court, the party named upon the record has control of the action, and may discontinue or settle it. Thus, in Brinkerhoff v. Bostwick, 99 N. Y. 185, 1 N. E. 663, especially relied upon by appellants, it was expressly held—

"That at any time before judgment the original plaintiff [who had brought the action in behalf of himself and other stockholders], before the others were made parties, could have discontinued the suit, or could have settled his individual damages with the defendants, and have executed a release which would have been effectual as to him. But, if he had prosecuted the action to judgment, then the judgment would have been for the benefit of all the stockholders, and he would then have ceased to have control over it, because the rights of the other stockholders would at once have attached thereto."

And again, referring to the fact that the stockholders not originally named had been made parties to the action by order of the court, it was said:

"There was no purpose in their becoming nominal plaintiffs, except that they might have some control of the action, and thus be present to protect and secure their rights, and to prevent a discontinuance of the action by the original plaintiff."

In Bacon v. Dinsmore, 42 How. Prac. 368, 377, in which a motion to change the place of trial from one county to another as the proper county was made, it was said, "The parties named are therefore the parties, in a legal sense."

Until Mrs. Le Fevre and the Fidelity Trust Company were by some action of the court named as and made parties to the suit,

Brown had control of the action, and they could not interfere with the same. Innes v. Lansing, 7 Paige, 583, 585; Duffy v. Duncan, 32 Barb. 587, 589; Beadleston v. Alley, 28 N. Y. St. Rep. 89, 90, 7 N. Y. Supp. 747. Within these authorities, we have no doubt that the plaintiff, Brown, had such entire control of the procedure in this action that he would have been the proper and only necessary party to consent to a change of the place of trial in this action from Erie county to New York county, and such consent not having been given, and this motion having been made, we think that he was the only party whose residence could be considered in determining the question presented by such motion.

The order appealed from, therefore, should be affirmed, with $10 costs and disbursements.

Order affirmed, with $10 costs and disbursements. All concur.