STONE v. DEMAREST et al.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

EXECUTOR—FOREIGN EXECUTOR—ACTION FOR DISTRIBUTION OF ESTATE—PARTIES.

Where a legatee sues the executor and other legatees to obtain a distribution of the estate, the executor of a deceased nonresident legatee, being a necessary party, may be made defendant, though appointed as executor by a sister state.

Appeal from special term, New York county.

Action by Charles H. Stone, as sole executor of the last will and testament of Augusta W. Stone, deceased, against Samuel A. Demarest, as executor of the last will and testament of Julia M. Traver, deceased, and others. From a judgment overruling a demurrer to the complaint, the defendant Demarest appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

Edward S. Clinch, for appellant.
Howard Mansfield, for respondent.

INGRAHAM, J. The complaint alleges, and the defendant by his demurrer admits, that by the will of Joseph P. Hale the rest,

residue, and remainder of the estate of the testator, after the payment of certain legacies, was directed to be divided into three parts, one of such parts to be given to the plaintiff's testatrix, one to the defendant Lucy Ann Hale, the widow, in lieu of dower, and one to the appellant's testatrix; that the appellant's testatrix died in the year 1898, a resident of the state of Massachusetts; that her last will and testament was on the 14th of June, 1898, admitted to probate by the probate court in said state having jurisdiction, and that this appellant and his codefendant William E. Traver are the executors therein named, and have duly qualified as such; that the estate of the said Joseph P. Hale has never been divided, and that the defendants executors of said estate have received a large amount of personal property specified in the complaint; that the plaintiff has demanded that the said property be distributed among those entitled thereto under the said will, but that the executors of the said estate have failed to account therefor; and the complaint then asks that the plaintiff have judgment against the executors of Joseph P. Hale, deceased, for the distributive share in the estate of the said Hale, which by his will was given, devised, and bequeathed to Augusta W. Stone, the plaintiff's testatrix, the same being one-third of the residuary estate of Joseph P. Hale, deceased, and that the rights of the plaintiff as against all the defendants be determined and enforced by judgment in this action, and for other relief. To this complaint the appellant demurs upon the ground "that it appears upon the face of said complaint that the court has not jurisdiction of the person of the defendant as executor of the last will and testament of Julia M. Traver, deceased." Joseph P. Hale at the time of his death is alleged to have been a resident of this state. His will was admitted to probate in the county of New York, and the defendants the executors of Joseph P. Hale are now acting as executors of the said estate. The action is brought, therefore, to reach property held by the executors. The letters testamentary having been issued by the courts of this state, the subject-matter of the action is the property held by the New York executors. The action is not brought to enforce any contract or obligation of the appellant as executor or of his testatrix, nor to recover property in his possession as executor or otherwise, but to settle the rights of property held in this state by resident executors of a testator who was a resident of this state and whose will was here admitted to probate, and this appellant is made a party to the action simply as one interested in the estate sought to be settled in this action. The appellant's title to or interest in the estate of Joseph P. Hale accrued by grant of letters testamentary issued by the probate court of the state of Massachusetts. His presence as a party to this action is as a person interested in the property the title to which is involved in the determination of this action.

It is not disputed but that the executors of the estate of the appellant's testatrix would be proper parties defendant to this action, but the demurrer is based upon the ground that the court has no jurisdiction over the person of the executors appointed by the courts of a foreign state. We think this objection is conclusively an-

swered by a series of cases in this state, of which Toronto General
Trust Co. v. Chicago, B. & Q. R. Co., 123 N. Y. 37, 25 N. E. 198,
is a leading case. The plaintiff there, as a substituted trustee,
brought an action in this state to recover certain property to which
he was entitled as trustee. The will of the testator creating the
trust was admitted to probate in Canada. By that will one Muir-
heid was appointed trustee of certain personal property, and ac-
cepted the trust. Subsequently the trustee died, and by a decree
of the high court of justice, chancery division, in Canada, the plain-
tiff was appointed his successor, whereupon it commenced an ac-
tion to recover the possession of personal property belonging to the
trust. The complaint was dismissed upon the ground that the plain-
tiff, as trustee appointed in a foreign country, had no standing in
court to maintain an action in this state. The court of appeals held,
reversing this judgment, that Muirheid, the original trustee, could
have maintained an action in the courts of this state to recover
any of the trust property, or for the conversion of such property,
or for damages thereto; that "such an action would not have been
in a representative capacity, but in his own right as the legal owner
of the property; it might have been necessary for him, upon the
trial of such an action, to prove the will and put it in evidence for
the purpose of showing his title, but it would not have been neces-
sary for him to have the will admitted to probate in this state;"
that, if Muirheid had legal capacity to sue here, any one to whom
he lawfully transferred his title had the same capacity; that the
plaintiff, having been legally appointed trustee in Canada, was put
in the place of Muirheid, and took the same title that he had, and
it thus took the legal title as trustee to whatever there was of the
trust estate; and that, having been thus clothed with the title to the
trust estate in Canada by proceedings in the Canadian actions, it
could, standing upon that title, maintain an action here as trustee.
This case is now recognized as settling the question as to the right
of a trustee appointed by a will admitted to probate in a foreign
jurisdiction to maintain an action in this state in relation to the trust
estate.

If the plaintiff could maintain such an action as the owner of this
estate which vested in him upon the probate of the will of his tes-
tator, he certainly is a proper party to an action which involves
the title to property in which his testator was interested, and where
such interest passed to the executors upon the grant of letters tes-
tamentary. To a complete determination of the question as to the
title of the property held by the executors of the estate of Joseph
P. Hale the appellant is a necessary party, as the person in whom
was vested the title to a third of the residuary estate of Joseph P.
Hale, and, while to establish the appellant's title it may be neces-
sary to prove the proceeding in the probate court of Massachusetts,
such proof is the evidence of his title. The action, as before stated,
is not brought to enforce an obligation of the appellant's testatrix
where he is sued in a representative capacity. He is made a party
to this action as the legal owner of an interest in certain property
which is the subject-matter of the action. The method by which

he acquired such a title is not material, so long as the legal title is vested in him.

It follows that the judgment appealed from should be affirmed, with costs. All concur.