CHARLES H. STONE, as Sole Executor, etc., of AUGUSTA W. STONE, Deceased, Respondent, *v.* SAMUEL A. DEMAREST, as Executor, etc., of JULIA M. TRAVER, Deceased, Appellant, Impleaded with LUCY ANN HALE, as Executrix, and GEORGE W. DEBEVOISE, as Executor, etc., of JOSEPH P. HALE, Deceased, and Others.

*Jurisdiction — a non-resident executor of a deceased non-resident of the State of New York is a proper party to an action in relation to an estate in which the deceased was entitled to an interest.*

In an action brought in the Supreme Court of the State of New York by the executor of a person who, under the will of a deceased resident of that State, was entitled to one-third of the residuary estate of the testator, to recover from his executors, who had been appointed in the State of New York where the will was admitted to probate, such one-third share, the court has jurisdiction of the person of an executor of another beneficiary entitled to a one-third interest in the residuary estate under the testator's will, although such executor was appointed in the State of Massachusetts, of which State the deceased beneficiary was a resident at the time of her death.

APPEAL by the defendant, Samuel A. Demarest, as executor, etc., of Julia M. Traver, deceased, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of August, 1901, upon the decision of the court, rendered after a trial at the New York Special Term, overruling a demurrer to the amended complaint.

*Edward S. Clinch*, for the appellant.

*Howard Mansfield*, for the respondent.

INGRAHAM, J. :

The complaint alleges, and the defendant by his demurrer admits, that by the will of Joseph P. Hale the rest, residue and remainder of the estate of the testator, after the payment of certain legacies, was directed to be divided into three parts, one of such parts to be given to the plaintiff's testatrix, one to the defendant Lucy Ann Hale, the widow, in lieu of dower, and one to the appellant's testatrix; that the appellant's testatrix died in the year 1898, a resident of the State of Massachusetts; that her last will and testament was on the 14th of June, 1898, admitted to probate by the Probate Court

in said State having jurisdiction, and that this appellant and his co-defendant William E. Traver are the executors therein named and have duly qualified as such ; that the estate of the said Joseph P. Hale has never been divided, and that the defendants, executors of said estate, have received a large amount of personal property specified in the complaint ; that the plaintiff has demanded that the said property be distributed among those entitled thereto under the said will, but that the executors of the said estate have failed to account therefor. The complaint then asks that the plaintiff have judgment against the executors of Joseph P. Hale, deceased, for the distributive share in the estate of the said Hale, which, by his will, was given, devised and bequeathed to Augusta W. Stone, the plaintiff's testatrix, the same being one-third of the residuary estate of Joseph P. Hale, deceased, and that the rights of the plaintiff as against all the defendants be determined and enforced by judgment in this action, and for other relief. To this complaint the appellant demurs, upon the ground " that it appears upon the face of said complaint that the court has not jurisdiction of the person of the defendant as executor of the last will and testament of Julia M. Traver, deceased."

Joseph P. Hale, at the time of his death, is alleged to have been a resident of this State. His will was admitted to probate in the county of New York, and the defendants, the executors of Joseph P. Hale, are now acting as executors of the said estate. The action is brought, therefore, to reach property held by the executors. The letters testamentary having been issued by the courts of this State, the subject-matter of the action is the property held by the New York executors. The action is not brought to enforce any contract or obligation of the appellant as executor, or of his testatrix, nor to recover property in his possession as executor, or otherwise ; but to settle the rights of property held in this State by resident executors of a testator who was a resident of this State and whose will was here admitted to probate ; and this appellant is made a party to the action simply as one interested in the estate sought to be settled in this action. The appellant's title to or interest in the estate of Joseph P. Hale accrued by grant of letters testamentary issued by the Probate Court of the State of Massachusetts. His presence as a party to this action is as a person

interested in the property, the title to which is involved in the determination of this action.

It is not disputed but that the executors of the estate of the appellant's testatrix would be proper parties defendant to this action, but the demurrer is based upon the ground that the court has no jurisdiction over the person of the executors appointed by the courts of a foreign State. We think this objection is conclusively answered by a series of cases in this State, of which *Toronto General Trust Co.* v. *C., B. & Q. R. R. Co.* (123 N. Y. 37) is a leading case. The plaintiff there, as a substituted trustee, brought an action in this State to recover certain property to which he was entitled as trustee. The will of the testator creating the trust was admitted to probate in Canada. By that will one Muirheid was appointed trustee of certain personal property and accepted the trust. Subsequently the trustee died, and by a decree of the High Court of Justice, Chancery Division, in Canada, the plaintiff was appointed his successor, whereupon it commenced an action to recover the possession of personal property belonging to the trust. The complaint was dismissed upon the ground that the plaintiff as trustee, appointed in a foreign country, had no standing in court to maintain an action in this State. The Court of Appeals held, reversing this judgment, that Muirheid, the original trustee, could have maintained an action in the courts of this State to recover any of the trust property, or for the conversion of such property, or for damages thereto; that "such an action would not have been in a representative capacity, but in his own right as the legal owner of the property. It might have been necessary for him, upon the trial of such an action, to prove the will and put it in evidence for the purpose of showing his title; but it would not have been necessary for him to have the will admitted to probate in this state;" that if Muirheid had legal capacity to sue here, any one to whom he lawfully transferred his title had the same capacity; that the plaintiff, having been legally appointed trustee in Canada, was put in the place of Muirheid and took the same title that he had, and it thus took the legal title as trustee to whatever there was of the trust estate; and that having been thus clothed with the title to the trust estate in Canada by proceedings in the Canadian actions, it could, standing upon that title, maintain an action here as trustee. This case is now recognized as settling the

question as to the right of a trustee appointed by a will admitted to probate in a foreign jurisdiction to maintain an action in this State in relation to the trust estate.

If the plaintiff could maintain such an action as the owner of this estate, which vested in him upon the probate of the will of his testator, he certainly is a proper party to an action which involves the title to property in which his testator was interested and where such interest passed to the executors upon the grant of letters testamentary. To a complete determination of the question as to the title of the property held by the executors of the estate of Joseph P. Hale, the appellant is a necessary party, as the person in whom was vested the title to a third of the residuary estate of Joseph P. Hale; and while to establish the appellant's title it may be necessary to prove the proceeding in the Probate Court of Massachusetts, such proof is the evidence of his title. The action, as before stated, is not brought to enforce an obligation of the appellant's testatrix where he is sued in a representative capacity. He is made a party to this action as the legal owner of an interest in certain property which is the subject-matter of the action. The method by which he acquired such a title is not material so long as the legal title is vested in him.

It follows that the judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., O'BRIEN, McLAUGHLIN and HATCH, JJ., concurred.

Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and answer on payment of costs in this court and in the court below.