J. HENRY LANE and Others, Appellants, *v.* HERMAN BOCHLOWITZ, Respondent.

*Venue — change of — "party" in the Code of Civil Procedure, § 984, defined — convenience of witnesses.*

The word "party," used in section 984 of the Code of Civil Procedure, which provides that certain actions shall be tried in the county in which one of the parties resides, only applies to the parties to the record, and the residence of persons who are not parties to the record, but who are the real parties in interest, cannot be considered.

In determining whether the venue of an action should be changed for the convenience of witnesses, the convenience of the witnesses whose testimony will be material and competent can alone be considered.

APPEAL by the plaintiffs, J. Henry Lane and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of July, 1902, changing the place of trial of the action from the county of New York to the county of Albany.

*T. B. Chancellor,* for the appellants.

*G. Herbert Cone,* for the respondent.

McLAUGHLIN, J. :

This action was brought to recover damages for the breach of a contract.

After issue had been joined the defendant moved to change the place of trial from the county of New York to the county of Albany, upon the ground that the latter was the proper county for the trial of the action, and also for the convenience of witnesses. The motion was granted, as appears from the opinion delivered by the learned justice sitting at Special Term, upon the ground that Albany was the proper county, and the plaintiffs have appealed.

The statute provides (Code Civ. Proc. § 984) that an action of this character must be tried in the county in which one of the parties resided at the commencement thereof. An action must be tried in the name of the real party in interest. The statute (§ 446 *et seq.*) so provides, and the sense in which the word "party" is used in the statute, therefore, manifestly refers to a party to the action, who alone must be considered for the purpose of determining the place of trial. This was substantially held in *Seeley* v. *Clark* (78 N. Y. 220) where the court said : "The words 'party to an action' * * * include parties to the record and no one else. Such is their legal and ordinary meaning. Mead, the person whose examination was directed, it is conceded, is not one of those parties. That he is a party in interest is not sufficient. He is still 'a person not a party.'"

The defendant's contention, which apparently was adopted by the Special Term, seems to have been that there were others not parties to the action who were the real parties in interest, and that considering their residence, the place of trial ought to be changed. In this we think the Special Term erred. Nor do we think it sufficiently appeared to enable the Special Term to adjudicate thereon, that the plaintiffs were not the real parties in interest, even if that fact could have been considered (which it could not) upon the motion to change the place of trial. Therefore, upon this ground the motion should have been denied.

We are also of the opinion that a proper case was not made for a change of the place of trial for the convenience of witnesses. The place of trial of an action may be changed whenever it is made to appear that the convenience of witnesses and the ends of justice will be promoted by the change. (Code Civ. Proc. § 987.) But the

statute which permits a change for this purpose manifestly refers to witnesses whose testimony will be material and competent upon the trial of the issues involved. The place of trial cannot be changed where the testimony of alleged witnesses would be immaterial or incompetent. Applying this rule to the facts set out in the moving papers, it at once becomes apparent, after even a casual examination of the facts therein stated, that a case was not made which justified an order changing the place of trial. In the amended answer allegations are set forth to the effect that the plaintiffs, at the time the sale of the goods referred to in the complaint was made, were acting as the agents of two corporations — one foreign and the other domestic. One of the reasons assigned for the change of the place of trial was that it would be necessary to prove by the Secretary of the State of New York that the foreign corporation had not complied with the statute so as to entitle it to sue in this State, and also by another witness that such corporation had not complied with the Tax Law so as to entitle it to sue. The corporation referred to is not a party to the action, and if it were, the facts sought to be established by these two witnesses are not a sufficient ground for changing the place of trial, because the court can see that such facts, if established at all, could be by documentary evidence. If it were otherwise, what the defendant desires to prove is of no importance whatever. What the affidavit states in this respect is that such corporation *had not* complied with the General Corporation Law (Laws of 1892, chap. 687, § 15); *had not* complied with the Tax Law (Laws of 1896, chap. 908, § 181). When it is not stated. The time referred to, therefore, may have been long prior to the commencement of the action, and even prior to the sale of the goods referred to in the complaint. There is not a suggestion of a fact contained in the moving papers from which it can be even inferred that this corporation at the time of the sale of the goods alleged, and at the commencement of the action, had not fully complied with the statute so as to enable it to transact business in this State and to maintain an action to enforce any claim which it might have. It is also claimed that the witnesses Mincher and Stone were necessary and material in order to enable the defendant to prove that the plaintiffs were selling yarn manufactured by the Dillon Cotton Mills, a foreign corporation, and that such corporation was doing business

in this State. But if this be conceded, how is it material? There is no statute which prevents, so far as we are aware, the Dillon Cotton Mills selling yarn in the State of New York, or to prevent the plaintiffs selling any goods manufactured by such corporation. It is true it is alleged in the amended answer that plaintiffs were acting as agents of certain corporations, but it is not intimated in the affidavits that the defendants can prove that fact by either of the witnesses referred to. All that is claimed that can be proved by them is that the plaintiffs were selling yarn manufactured by a foreign corporation. As to the witnesses Dabney and Fowler, all that is claimed is that they are freight agents at Cohoes, and know what the freight rates on goods to be shipped would be. It is not difficult for the court to see that these facts could be established by witnesses residing in the city of New York as well as by witnesses residing in the county of Albany.

This leaves only two other witnesses — the defendant himself and his bookkeeper — and it has many times been held that the place of trial will not be changed to suit the convenience of a party to an action, and we do not think it should be changed to suit the convenience of one witness alone.

It follows that the order appealed from, therefore, must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.