(43 Misc. Rep. 307.)

### RATHBUN v. BROWNELL et al.

(Supreme Court, Special Term, Saratoga County. March, 1904.)

1. EXECUTORS—FAILURE TO COLLECT ASSETS—ACTION BY LEGATEE.

A residuary legatee sued the executrix of the testator and others, alleging that the executrix had intrusted moneys of the estate to one since deceased, who invested it in her own name and attempted to dispose of it by her will, and that the executrix refused to sue to recover the same for the estate. *Held*, that in such an action the executrix was a necessary and proper party.

2. SAME—VENUE.

An action by a residuary legatee of an estate to recover assets, in which executrix is a necessary party, is properly brought, under Code Civ. Proc. § 984, providing that an action must be tried in a county in which one of the parties resides, in the county of the residence of such executrix, and the executors of the person who is alleged to have converted the assets are not entitled to a change of venue to the county of their residence.

Action by Allen Rathbun, individually and in behalf of the estate of Thomas Hunt, against A. C. Dennis Brownell and others. Motion by defendants for change of venue. Denied.

J. Sanford Potter, for Brownell and Fort.
Peck & Behan, for Ruth Hunt.
James Lansing (John B. Holmes, of counsel), for Allen Rathbun.

SPENCER, J. This action is brought by the plaintiff, as a residuary legatee of the estate of one Thomas Hunt, to compel the defendants Brownell and Fort, as executor and executrix of the last will and testament of Sophia Gifford, deceased, to pay over to the defendant Ruth Hunt, as executrix of the last will and testament of Thomas Hunt, deceased, the sum of $31,500, which the plaintiff claims came into the possession of the defendants Brownell and Fort as the result of a conversion thereof by Sophia Gifford and the defendant Ruth Hunt. Ruth Hunt resides in the county of Rensselaer, and all the other parties reside in the county of Washington. The defendants Brownell and Fort make this motion to change the venue to Washington county, as the proper county, on the ground that Ruth Hunt is neither a necessary nor proper party. They cite the case of Lane v. Bochlowitz, 77 App. Div. 171, 78 N..Y. Supp. 1072, as an authority for their contention.

The complaint alleges that Ruth Hunt is executrix of the last will and testament of Thomas Hunt; that, as such, she came into possession of about $44,000 belonging to his estate; that she is old and feeble in

body and mind; that she intrusted the property to Sophia Gifford, who invested the same in her own name, to the extent of $31,500; that Sophia Gifford, by her last will and testament, attempted to dispose of said property; that the defendants Brownell and Fort are the executor and executrix of her last will and testament; and that plaintiff has requested Ruth Hunt to bring the action to restore the property to the estate represented by her, which she has refused to do.

This action is not one of those specified in sections 982 and 983 of the Code of Civil Procedure, and is, therefore, in respect to the trial county, regulated by the provisions of section 984, which provides that the action must be tried in the county in which one of the parties resides at the commencement thereof. The case of Lane v. Bochlowitz, supra, relied upon by the moving parties, is an adjudication that a party in interest who is not a party to the record is not to be regarded as one of the parties to the action, within the intent and meaning of section 984. Such, also, is the holding in Brown v. Bache, 66 App. Div. 367, 72 N. Y. Supp. 687. These decisions, I think, are in conflict with the contention of the moving parties. Nevertheless I am prepared to agree with them that where it clearly appears that a party to the record is not a proper or necessary party, having no interest or duty in the controversy, his residence on a motion of this character may be disregarded. If this were not so, a plaintiff might locate the trial in any county, by making a resident of such county party to the record, and thus defeat the purpose of the statute.

I think, however, that Ruth Hunt is a proper and necessary party to this action. Peck v. Richardson, 12 Misc. Rep. 310, 33 N. Y. Supp. 1107; Stone v. Demarest, 67 App. Div. 549, 73 N. Y. Supp. 903; Hamilton v. Faber, 33 Misc. Rep. 64, 68 N. Y. Supp. 144. These were not suits such as the present, and therefore not directly in point, but the reasons for the decisions therein support the position here taken. If the facts alleged in the complaint be true, Ruth Hunt had a right of action against her codefendants, and it was her duty, in her representative capacity, to have instituted suit. Had she done so, her residence would have been controlling on the question of venue. Bacon v. Dinsmore, 42 How. Prac. 368. How is the situation changed by reason of the fact that she has refused to perform her duty, and that the plaintiff, in order to protect his rights, has been compelled to institute the suit? His right to maintain the action seems reasonably clear. Anderson v. Daley, 38 App. Div. 505, 56 N. Y. Supp. 511. It is true, no relief is asked as against her—no attempt is made to hold her personally responsible for the alleged conversion—but, in case a recovery be had, it is to her, in her official capacity, that payment and delivery of the fund will be directed to be made. Furthermore, the plaintiff's right to maintain the action is dependent upon her refusal so to do; and she has a right to traverse the allegation in respect to the conversion of the property by her, and also the allegation that she has refused to perform her duty as executrix. A complete determination of the question involved could not be had without her presence before the court. I am therefore of the opinion that the motion to change the venue cannot prevail. Motion denied, with costs.

Ordered accordingly.