# SUPREME COURT.

ELIZABETH ARMSTRONG, executrix and devisee agt. RICHARD HALL.

A plaintiff may unite a cause of action *as executrix* with one *as devisee,* where both accrued under a contract made by the testator, with the defendant, growing out of the same matter.

For instance, the plaintiff was allowed to sustain her action as *devisee* against the

Armstrong agt. Hall.

defendant for the *rent* of a farm leased to the defendant by the testator, which
had accrued subsequent to the testator's death; and also to sustain her action
as *executrix* against the defendant for breaches of covenants in the lease, to re-
pair the buildings, &c., on the premises, and for not returning the cattle, &c., as
also required by the covenants of the lease.

*St. Lawrence Circuit and Special Term, June,* 1857.

DEMURRER to complaint.

Plaintiff averred that Samuel L. Armstrong, deceased, her
late husband, in his lifetime and on the 27th of January, 1852,
leased to the defendant for the term of five years, a certain lot
of land in Lisbon, in the county of St. Lawrence, containing
thirty acres, upon certain conditions contained in the lease, and
also at the same time leased to defendant a certain other lot or
farm in the same town, containing 135 acres, for the same pe-
riod, and also the use for the same time of ten sheep, ten cows,
one yoke of oxen, one double wagon, one plow, one drag, one
grindstone and one chain, for 300 bushels of potatoes per year,
to be delivered at the depot in Lisbon, or in lieu thereof,
money at the rate of 33½ cents per bushel for the potatoes.
That the lease contained averments on the part of defendant,
to keep the fences and buildings on the premises in repair,
and to keep the cattle and sheep and utensils in good order,
and to so return them at the expiration of the term.

The complaint further averred, that defendant entered into
possession of the premises and so remained until the expiration
of the term on the 19th of April, 1857; that the lessor, the tes-
tator, died in the month of December, 1854, having executed,
made and published his last will and testament, appointing
plaintiff his sole executrix, and making her devisee in fee sim-
ple of the 135 acre lot. The plaintiff then assigned for breaches,
that defendant did not deliver the potatoes for the last two
years of the term, and refuses to pay the $200 in money; that
he has not returned nine of the cows; that he did not fence the
orchard, or carry on the farm or premises in a good work-
manlike manner, nor did he keep the fences and buildings in
good repair.

The defendant demurs to the complaint on the grounds:

---

Armstrong agt. Hall.

---

1. That there is a misjoinder of parties, the plaintiff claiming to prosecute as executrix and also as devisee.

2. That there is a misjoinder of causes of action, viz : for those which accrued only to the heir, and for those which accrued only to the executor, that plaintiff cannot recover for damages to the freehold and for rent accruing after the death of the testator ; and that she cannot as devisee, recover for not returning said personal property.

BISHOP PERKINS, *for plaintiff.*
MORRIS & VARY, *for defendant.*

C. L. ALLEN, Justice.   I do not perceive, as was contended on the argument, that there is any breach assigned under that part of the lease relating to the thirty acre lot.   The breaches seem to be wholly confined to that part which demises the lot of 135 acres.   The plaintiff claims that defendant has not paid the rent for the last two years, which accrued after the death of the testator, and which she must be entitled to recover if at all, as *devisee* of the premises and not as executrix, as in the latter capacity, she could only be entitled to recover for rent due up to the time of the testator's death.

She also claims to recover for breach of the covenants for repair, and for not returning the cattle.   This claim she must sustain if at all as executrix.   The question then is, whether she can unite the two causes of action in one suit and in the same count?

It has been correctly remarked, in my judgment, "that the equitable interest is with very few and slight exceptions, the grand criterion as to who are or are not the necessary or proper parties to a proceeding of whatever nature." (1 *Whit.* 58 ; *note to Voorhies' Code,* 1857, §§ 111, 112, 117.) And the rule in chancery always was, that every person interested in the event of a suit, or necessary to the relief sought, must be made a party.   (9 *Cow.* 537 ; 2 *Paige,* 278.)

By the Code, section 167, the plaintiff may unite in the same complaint several causes of action, whether they be such as

Armstrong agt. Hall.

have been heretofore denominated legal or equitable, when they all arise out of the same transaction, or transactions connected with the same subject of action, provided they affect all the parties to the action and are separately stated. The object of the Code seems to have been to avoid a multiplicity of actions, and to effect if possible, between the same parties in one action, an end of the controversy. The testator, if living, could not recover but in one action, and by section 111, every action must be brought in the name of the party in interest. The devisees and legatees are the real parties under a will in an action brought by the executors; but by section 119, the executor or administrator or trustee of an express trust, or a person expressly authorized by statute, may *sue without* joining with him, the person for whose benefit the action is prosecuted.

This section leaves section 111 in force, as was the object of the commissioners of the Code, when they declared that they intended to require in the same action all parties necessary to make an end to the controversy. (*See their notes.*) Here the defendant ought not to complain that the plaintiff has commenced but one suit against him, when she ought to have commenced two. She unites the right of E. A. as executrix with the right of E. A. as devisee, both rights accruing under a contract made by the testator with the defendant, and growing out of the same matter.

She has a common interest as executrix and devisee in the subject matter of the action, and this would be good ground for joining in a court of equity. (1 *Paige*, 20; 12 *Barb.* 28.) It is proper to say that the case cited by defendant's counsel of *Pugsley* agt. *Allen*, (14 *Barb.* 116,) was reversed by court of appeals. (1st *Kernan*, 494.)

I think the demurrer is not well taken, and there must be judgment for the plaintiff, with leave for defendant to answer on payment of $22 costs. Order accordingly.