GEORGE L. TAYLOR, Appellant, *v.* THE BLUE RIDGE MARBLE COM-
PANY and Others, Respondents.

*Order directing the plaintiff to separately state and number causes of action — when*
*proper — equity action — when it does not consist of two causes of action at law.*

When two causes of action are set forth in a complaint an order requiring the
plaintiff to amend the complaint by separately stating and numbering such
causes of action is proper.

A suit brought in equity for the purpose of creating a fund, and, as a result
of, or as an incident to, the creation of the fund, to procure its distribution, all
persons having an interest in the fund or its distribution being made parties to
the action, does not consist of two causes of action at law; the facts furnish
grounds for relief in a court of equity, and constitute, in the language of the
Code of Civil Procedure, a " cause of action."

APPEAL by the plaintiff, George L. Taylor, from an order of the
Supreme Court, made at the New York Special Term and entered
in the office of the clerk of the county of New York on the
29th day of October, 1894, directing the service of an amended
complaint.

*Edward W. Crittenden,* for the appellant.

*Julius F. Workum,* for the respondents.

PER CURIAM:

If two causes of action are set forth in the complaint, then the
order below was right in directing the separation and numbering of
such causes of action. The question presented, however, is whether
there are two causes, or one, set forth in the complaint.

The complaint alleges that the firm of Byrne & Perry had a con-
tract for the erection of a church; that the defendant, the Blue
Ridge Marble Company, contracted with them to furnish the
material and perform the work required by the marble specifications
of the plans for said church; that thereafter the Piedmont Marble
Company, plaintiff's assignor, contracted with the Blue Ridge Marble
Company to complete the latter's contract with Byrne & Perry; that
this contract was induced by false representations, which, when the
falsity was known, led the Piedmont Marble Company to repudiate
the contract and file a mechanic's lien for the value of the material fur-

nished; that thereafter, an action having been brought, an agreement was entered into between the parties to this suit by which the action was discontinued and the mechanic's lien satisfied, and the moneys received by Byrne & Perry from the church were to be paid into a trust company to the joint order of the attorneys for the two marble companies, and if Byrne & Perry did not pay into the trust company $6,000 when the last payment should be due from the church, that firm was to give an order on the church to pay into the trust company such an amount as would make up the sum agreed; that by a subsequent agreement the plaintiff and the Blue Ridge Marble Company and the attorneys contracted for the disposition of the money deposited with the trust company; and that, although the payments provided to be made by the church to Byrne & Perry are due, the latter have paid nothing into the trust company and have refused to give their order on the church. The prayer of the complaint, in substance, asks that the contract entered into between the parties should be specifically performed, and that out of the moneys to be deposited the plaintiff receive the value of the work, labor and material furnished.

It is insisted that there are two causes of action stated, one against the Blue Ridge Marble Company for the value of material furnished, and another for the specific performance of a contract made by the firm of Byrne & Perry and the marble companies, and that these should be separately stated. We think, however, that in this the respondent is in error. This is not an action at law, but a suit in equity for the purpose of creating a fund, and then, as a result of or an incident to the creation of the fund, procuring its distribution, and all persons having any interest in the fund or its distribution are made parties to the action.

The action may be rightfully regarded as brought to enforce the contract made between all the parties to the action which had for its object the discontinuance of plaintiff's action and the substitution of a fund in the trust company. The grievance is the failure of some of the parties to provide the fund as agreed, and, as shown by the complaint, the object of the action is to create a fund, and then, with all persons who could have any interest therein being made parties, to determine as to its distribution. There are not, therefore, two causes of action at law, but the facts furnish the grounds

for relief in a court of equity, and constitute, in the language of the Code, " a cause of action."

We think the order below was erroneous and should be reversed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J., O'Brien and Parker, JJ.

Order reversed, with ten dollars costs and disbursements.