PECK et al. v. RICHARDSON et al.

(Supreme Court, Appellate Division, Fourth Department. April 10, 1897.)

PARTIES—ADMINISTRATOR AND NEXT OF KIN.

The next of kin of a decedent may be joined as parties plaintiff with the administrator in an action for an adjudication that certain property in the possession of a third person was in fact owned by decedent.

Appeal from special term, Seneca county.

Action by Marquis L. Peck and John C. Schryver (as administrators of the estate of Joseph G. Schryver, deceased), William T. Schryver, and John G. Schryver against John E. Richardson (as executor of the will of Lucy Schryver, deceased), Allen O. Betts, and

Catherine Tharp, to procure an adjudication that certain personalty of which Lucy Schryver was possessed was the property of Joseph G. Schryver, her husband. From an interlocutory judgment sustaining a demurrer by defendants, Richardson, Betts, and Tharp, to the amended complaint, plaintiffs appeal. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

H. E. Miller, for appellants.

MacDonald Bros., for respondents.

HARDIN, P. J. Whether William T. Schryver and John G. Schryver, as "the nephews and only heirs at law and next of kin" of Joseph G. Schryver, are necessary or proper parties plaintiff in this action, is the sole question presented by the appeal taken by the plaintiffs from the decision made at special term. Section 446 of the Code of Civil Procedure is as follows:

"All persons having an interest in the subject of the action and in obtaining the judgment demanded, may be joined as plaintiffs, except as otherwise expressly prescribed in this act."

It is permissive, under section 449 of the Code of Civil Procedure, for an administrator, a trustee of an express trust, to sue without joining with him the person for whose benefit the action is prosecuted. Cridler v. Curry, 66 Barb. 336; Hubbell v. Medbury, 53 N. Y. 102; Potter v. Potter, 8 Civ. Proc. R. 150. In Taylor v. Marble Co., 83 Hun, 30, 31 N. Y. Supp. 513, it was said:

"The object of the action is to create a fund, and then, with all persons who could have any interest therein being made parties, to determine as to its distribution."

In Bank v. Goddard, 131 N. Y. 505, 30 N. E. 566, in speaking of the special property and goods held by an officer after a levy, Finch, J., says:

"He holds it for the benefit of the levying and attaching creditor, who thereby obtains an interest in and a lien upon the property. He is the real person interested, and equity, which never suffers itself to be misled by a name or baffled by a definition, but deals with the substance and truth of things, can have no difficulty in recognizing the existing interest and lien of the creditor because it is worked out and made effectual through a legal title in the officer."

In the course of the opinion delivered in Hawley v. Cramer, 4 Cow. 728, it was said:

"There is no rule in equity which is better settled than the one that all persons having an interest in the distribution of the fund, or in the subject-matter of the suit, must be made parties, either as complainants or defendants, if within the jurisdiction of the court. * * * The objection that there is a misjoinder of complainants can only be sustained where several persons file a joint bill for separate and distinct causes of action, having no connection with each other, neither as it respects the rights of the complainants or the rights of the defendants. In this case the subject-matter of the suit, in respect to all the parties, is the same, though their rights and liabilities may be separate and distinct, as it respects the distribution of the fund."

That case was referred to with approval in Shepard v. Railway Co., 117 N. Y. 447, 23 N. E. 30, where Gray, J., quoted the rule and the case with approbation, and then added:

"The Code of Civil Procedure, by its provisions, manifestly recognizes this principle, which, from so early a day in the history of equity jurisprudence, has been so essential a feature. in equity procedure.　Section 446 provides for the joinder of 'all persons having an interest in the subject of the action, and in obtaining the judgment demanded.'"

A similar doctrine was announced by Rumsey, J., in Peck v. Richardson, 12 Misc. Rep. 310, 33 N. Y. Supp. 1107.　Such choses in action as the husband reduced to possession during coverture vested the title in him, and they were his after her death, as they were before, she having died first.　Olmstead v. Keyes, 85 N. Y. 593. We think so much of the interlocutory judgment as is appealed from should be reversed, and the demurrer overruled, with costs.

So much of the interlocutory judgment as is appealed from, reversed, with costs, and the demurrer overruled, with costs, with leave to respondents to answer upon payment of the costs of the demurrer and of this appeal.　All concur.