Fahy *v.* Fahy.

MARY FAHY

*v.*

MARY FAHY et al.

[Filed March 14th, 1899.]

Equity has no jurisdiction of a bill by a widow praying a decree that under her husband's will she took a legal estate in fee-simple in all his real estate as against her children, whose answer merely asks that their interests be protected.

On bill.

*Mr. John A. Dennin,* for the complainant.

*Mr. John Garrick,* for the defendants.

STEVENS, V. C.

The complainant, who is the widow of Charles H. Fahy, claims by her bill that under the will of her late husband she takes a legal estate in fee-simple in all his real estate. She asks the court to so decree, as against her infant children. The question presented is manifestly a purely legal one, viz., whether a legal estate in fee-simple is created by the terms of the devise. The complainant neither stands nor pretends to stand in the position of a trustee or *cestui que trust.* No duty has been imposed upon her by the will, as to the performance of which she might ask the direction of this court, except possibly one in reference to testator's mother, and that duty has, if it existed, been terminated by her death.

The children do not by their answer consent (if their consent would be of any avail) to have the question presented determined by this court. They set up no specific defence, but ask generally that their interests may be protected. And the bill is not one to quiet title. It does not contain the statutory requisites of such a bill. Under these circumstances it is plain that the legal question must be determined by a legal tribunal. *Hart* v. *Leonard, 15 Stew. Eq. 419; Bowers* v. *Smith, 10 Paige 193.* It has never been held in this state, so far as I know, that where the question is otherwise purely legal, doubt or uncertainty as to the meaning of the document which gives rise to the question, renders it equitable; and such a view seems altogether out of harmony with the repeated adjudications of the court of appeals on the subject of the respective provinces of courts of law and equity as adjusted by the constitution.

I think the bill should be dismissed for want of jurisdiction.