WILLIAM J. CUNNINGHAM ET AL., EXECUTORS, *vs.* MARY CUNNINGHAM ET AL.

* Third Judicial District, New Haven, June Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

After giving pecuniary legacies which exceeded by more than $3,500 the value of his personal property available for their payment, the testator provided, in the sixth clause of his will, that " after the payment of the above legacies " one of his two parcels of land, worth $3,500, should go to his two sons, equally; by the seventh clause he devised the other parcel, worth $4,500, to said sons and his two daughters, equally, subject to his widow's life use in a portion; and by the eighth clause he made said sons and daughters his residuary legatees and devisees, in equal shares. The will was made only three days before the testator's death. In a suit to determine its construction it was *held* : —

1. That the sixth and seventh clauses must be read as one, thus making the pecuniary legacies a charge upon each parcel of the real estate in proportion to its value, to the extent of the deficiency in the personal assets.

2. That any sale of the parcel described in the seventh clause must be subject to the life use of the widow in a part thereof, as the provi-

---

* Transferred from the first judicial district.

sion of the will in her favor was manifestly intended to be in lieu of dower.

In a suit for the construction of a will, executors who are also legatees and devisees should make themselves parties defendant in their individual capacity, or describe themselves as suing both individually and as such executors.

Submitted on briefs June 21st—decided August 1st, 1899.

SUIT to determine the construction of the will of Matthias Cunningham of Hartford, deceased, brought to the Superior Court in Hartford County and reserved by that court, *Thayer, J.,* upon a finding of facts, for the consideration and advice of this court.

The will left to the testator's wife $2,500, the household furniture, and a life use of the tenement occupied by him as a dwelling in the building No. 97 and No. 99 Windsor street in Hartford, and of two family portraits, which after her death were given to his son Matthias. Two thousand dollars was given to the executors in trust, to be paid to his daughter Mary as she might demand. The use of $2,000 was given to his daughter Nellie J. Clancy for her life, and after her death it was bequeathed to her daughter. Then followed these paragraphs:—

"*Sixth*—After the payment of the above legacies, I give, devise, and bequeath to my two (2) sons, William J. Cunningham and Matthias Cunningham, Jr., both of Hartford, the real estate situated on Windsor street, in said Hartford, and known as Nos. 112–114 Windsor street.

"*Seventh*—I give, devise, and bequeath the real estate located on Windsor street, in said Hartford, and known as Nos. 97–99 Windsor street (subject to the life use of a portion of the same, as stated in Section 2 of this will), to my children, William J. Cunningham, Matthias Cunningham, Jr., Nellie J. Clancy, and Mary Cunningham, to be divided equally between them, share and share alike.

"*Eighth*—All the rest, residue, and remainder of my property, both real and personal, of every kind, nature, and description whatsoever the same may be or wheresoever the same may be situated, I give, devise, and bequeath to my

children, William J. Cunningham, Matthias Cunningham, Jr., Nellie J. Clancy, and Mary Cunningham, to be divided equally between them.

"*Ninth*—I hereby appoint my sons, William J. Cunningham and Matthias Cunningham, Jr., of Hartford, to be executors of this will."

The will was made three days before the testator's death. No. 97 and No. 99 Windsor street was mortgaged for $2,800, and the equity was worth $4,700. No. 112 and No. 114 Windsor street was mortgaged for $2,500, and the equity was worth $3,500. The inventory included these two properties, household furniture worth $100, and other personal property and choses in action worth $2,991.44.

The suit was by the sons, as executors, against the daughters, and the question in doubt was as to whether the legacies were chargeable on either or on both of the parcels of real estate.

*William C. Case* and *John W. Coogan,* for William J. and Matthias Cunningham.

*Arthur F. Eggleston* and *Hugh O'Flaherty,* for Mary Cunningham and Nellie J. Clancy.

BALDWIN, J. The testator left four children and made them his residuary legatees and devisees in equal shares. The paragraph next preceding this provision gave them in equal shares No. 97 and No. 99 Windsor street, subject to a life use of part of the premises by the widow. This specific devise must be presumed to have been made for the purpose of securing some result which the general residuary clause would not accomplish. That sent the remainder in question to the four children, share and share alike: this also gave it to them in the same proportions, and must therefore have been designed to give it subject to some further burden.

A comparison of the will with the testator's estate, shows what this burden was. He left pecuniary legacies to the amount of $6,500, and the personal property applicable to

their payment was less than $3,000. If the balance necessary to satisfy them, which slightly exceeded $3,500, were charged upon No. 112 and No. 114 Windsor street alone, the value of which was only $3,500, it could not be raised. The testator made his will only three days before his death, and it may fairly be assumed that he knew what he had to leave, and the value of each parcel of his real estate. He must also have intended to give his sons a substantial benefit in making them the devisees of No. 112 and No. 114. The only reasonable construction of his language is that he intended the charge of the legacies to attach to both parcels. The whole ambiguity arises from his having thrown the devise of No. 97 and No. 99 into the form of a separate article. To give the will its proper operation, the word " Seventh " must be disregarded, and the sixth and seventh paragraphs read as one. This makes the legacies a charge on all his real estate, and on all alike; that is on each parcel in proportion to its value.

Any sale of the interest of the estate in No. 97 and No. 99 must be subject to the life interest of the widow in the tenement, as the provisions in her favor were manifestly intended to be in lieu of dower.

There is a technical defect of parties, in that while the plaintiffs sue simply as executors, they have not made themselves defendants in their individual capacity. As, however, they are the *domini litis* and control the cause, we do not think the irregularity such as should preclude us from giving the advice requested.

The Superior Court is advised to allow the plaintiffs to amend their writ by describing themselves as suing both individually and as executors, or in default of such an amendment, to issue an order to cite them in as parties defendant in their individual capacity; and that, by the terms of the will, so much of the legacies as cannot be satisfied out of the personal estate is an equal charge upon all the real estate; that the equities of redemption in both parcels can be sold to meet the charge (subject to the life interest of the widow in No. 97 and No. 99); and that, if sold, so much of the

proceeds of each parcel should be applied to raise the sum required, as corresponds with the proportion between the total amount needed to satisfy all the legacies, and the total proceeds of both parcels.

No costs in this court will be taxed in favor of either party.

In this opinion the other judges concurred.