## HUGHES ET AL. v. HUGHES ET AL.

[No. 3,901.　Filed March 13, 1903.]

WILLS.—*Complaint for Construction.*—A complaint by one as executrix, and also as sole heir, alleging that testator was the owner of certain real estate which descended to and vested in her in fee simple, except only as the title thereto is otherwise vested by the will, which is averred to have been duly executed, probated, and recorded, and that defendants assert that under the provisions of the will a duty and trust is imposed upon plaintiff, in her capacity as executrix, to sell a certain portion of the real estate, and keep all of the buildings insured and in good repair, states facts sufficient to entitle plaintiff to a construction of the will. *pp. 591–593.*

SAME.—*Complaint for Construction.—Parties.*—In a proceeding by an executrix, who was also an heir, for the construction of a will, the executrix in her individual capacity was a necessary party, and was not improperly joined as plaintiff. *p. 594.*

From Marion Circuit Court; *H. C. Allen,* Judge.

Proceeding by Anna D. Hughes, individually, and as executrix, against Daniel G. Hughes and others for the construction of a will. From a judgment overruling demurrer to complaint, defendants appeal. *Affirmed.*

*W. W. Herod, W. P. Herod* and *L. P. Harlan,* for appellants.

*F. Winter, Clarence Winter* and *J. M. Bailey,* for appellees.

ROBY, C. J.—The plaintiffs in this case were "Anna D. Hughes in her own right" and "Anna D. Hughes as executrix of the last will and testament of Samuel D. Delzell, deceased." The appellants demurred to the complaint for want of facts. Their demurrers were overruled, and an exception reserved. Declining to plead further a decree was entered against them. No exception was taken to the decree rendered. No motion to modify it or for a new trial was made.

Treating the action as one to obtain the construction of a will, it follows that if the complaint states sufficient facts

to entitle the plaintiffs to a construction of the instrument, it is good; otherwise, the demurrer should have been sustained. Whether the complaint was sufficient can in nowise depend upon the correctness of the construction afterwards given to the will by the court. Averments showing such facts as may enable the will to be judged from the standpoint of the testator are not only proper but essential. Within reasonable limits suggestions as to how the will should be construed are proper, but the complaint and its sufficiency do not depend upon such averments. The demurrer is not addressed to legal conclusions, to matters of opinion, nor to the prayer for relief. It raises the single question whether sufficient facts are stated to entitle the plaintiffs to a construction of the instrument, not in accordance with any particular view, but in accordance with the intention of the testator as the court may find it to have been, and in accordance with the established principles of law applicable thereto.

The right to maintain an action for the construction of a will depends upon a well recognized branch of equity jurisprudence, stated as follows: "The doctrine which seems to be both in harmony with principle and sustained by the weight of authority is, that the special and equitable jurisdiction to construe wills is simply an incident of the general jurisdiction over trusts; that a court of equity will never entertain a suit brought *solely* for the purpose of interpreting the provisions of a will without any further relief, and will never exercise a power to interpret a will which only deals with and disposes of purely legal estates or interests, and which makes no attempt to create any trust relations with respect to the property donated." Pomeroy, Eq. Jurisp. (2d ed.), §1156; *Minkler* v. *Simons,* 172 Ill. 323; *Edgar* v. *Edgar,* 26 Ore. 65, 37 Pac. 73; *Dill* v. *Wisner,* 88 N. Y. 153, 160; *Torrey* v. *Torrey,* 55 N. J. Eq. 410, 36 Atl. 1084; *Fahy* v. *Fahy,* 58 N. J. Eq. 210, 42

Atl. 726; *Tyson* v. *Tyson,* 100 N. C. 360, 6 S. E. 707; *Bailey* v. *Briggs,* 56 N. Y. 407.

It is averred in the complaint that Anna D. Hughes is the daughter and sole heir at law of the testator, who departed life the owner of certain described real estate, which she avers descended to and vested in her in fee simple, except only as the title thereto is otherwise vested by his last will, which is averred to have been duly executed, probated, and recorded. It is further averred that the defendants assert that under the provisions of the will a duty and trust is imposed upon the plaintiff, in her capacity as executrix, to sell so much of the real estate near Brightwood as may be needed for railroad switching purposes, and that she is under a duty and trust to keep all the buildings on the real estate of which the testator died seized insured and in good repair. The complaint shows that individually she denies the existence of such trust, and that as executrix she is in court, unable to determine to what extent, if at all, duties and trusts are imposed upon her in such capacity; that the conflicting claims as to the construction of the will embarrass her as executrix, and that she is unable to determine the entire extent of her interest, rights, and duties as such executrix.

The will, a copy of which is set out in the complaint, contains, among many other provisions, one directing the executrix to "keep all the buildings insured and in repair." Wills are not construed to meet possible contingencies that may never arise. The time and attention of the court can not be engaged to solve speculative doubts. It is only when the executor is under a present necessity of acting, or when he has reason to believe that he will soon be called upon to proceed under a doubtful provision, that he is entitled to instructions. *Bullard* v. *Attorney-General,* 153 Mass. 244, 26 N. E. 691; *Bonnell* v. *Bonnell,* 47 N. J. Eq. 540, 20 Atl. 895; *Balsley* v. *Balsley,* 116 N. C. 472, 21 S. E. 954; *Little* v. *Thorne,* 93 N. C. 69; *Minot* v. *Taylor,* 129 Mass. 160.

The direction to insure and keep the buildings in repair imposes a present duty, and, having regard to the involved character of the provisions made by the instrument, they being such as to require as well as justify a judicial construction, there is no difficulty in holding that the complaint by the executrix states sufficient facts to invoke action by the court. Mrs. Hughes, individually, was a necessary party to such proceeding, and might have been properly joined as defendant. §269 Burns 1901; *Courter* v. *Stagg*, 27 N. J. Eq. 305, 308; *Moore* v. *Hegeman,* 6 Hun 290-292.

The code abolishes distinctions between actions at law and suits in equity. §249 Burns 1901. Its provisions as to parties substantially follow the equitable doctrine. *Goodnight* v. *Goar,* 30 Ind. 418.

"In equity, it is sufficient that all parties interested in the subject of the suit should be before the court, either in the shape of plaintiffs or of defendants." *Wilkins* v. *Fry,* 1 Mer. 244, 262; Calvert, Parties, 4. The code provision relative to plaintiffs is as follows: "All persons having an interest in the subject of the action, and in obtaining the relief demanded, shall be joined as plaintiffs, except as otherwise provided in this act." §263 Burns 1901.

Unless the complaint shows that plaintiffs had a common interest in the subject of the action and in the relief demanded, it is insufficient for want of facts. *Smith* v. *Roseboom,* 10 Ind. App. 126, 129; *Indianapolis Nat. Gas. Co* v. *Spaugh,* 17 Ind. App. 683; *Brumfield* v. *Drook,* 101 Ind. 190.

The subject of the action was the will of Samuel D. Delzell. Pomeroy, Remedies and Remedial Rights (2d ed.), §475. The relief demanded was primarily a construction of said will. In both the subject and the relief Mrs. Hughes was directly interested. It is true that her private advantage might be advanced by the construction which as executrix she was called upon to resist, but this difference had to do

only with the details of the construction, and not with the right to a construction. In the following cited cases, §263, *supra,* was applied to varying facts in accordance with its plain language: *Durham* v. *Hall,* 67 Ind. 123; *Strong* v. *Taylor School Tp.,* 79 Ind. 208; *Field* v. *Holzman,* 93 Ind. 205; *Armstrong* v. *Dunn,* 143 Ind. 433; *McIntosh* v. *Zaring,* 150 Ind. 301; *Carmien* v. *Cornell,* 148 Ind. 83.

In *Cunningham* v. *Cunningham,* 72 Conn. 253, 43 Atl. 1046, the executors had an individual interest. The court said: "While the plaintiffs sue simply as executors, they have not made themselves defendants in their individual capacity. As, however, they are the *domini litis* and control the cause, we do not think the irregularity such as should preclude us from giving the advice requested. The supreme court is advised to allow the plaintiffs to amend their writ by describing themselves as suing both individually and as executors, or, in default of such an amendment, to issue an order to cite them in as parties defendant in their individual capacity." See, also, *Armstrong* v. *Hall,* 17 How. Pr. 76.

It follows from what has been said that the demurrer was correctly overruled, and the judgment is therefore affirmed.