## GREENE v. NEW YORK, O. & W. R. CO.

(Supreme Court, Special Term, Chenango County. March 1, 1905.)

PLEADING—JOINDER OF CAUSES OF ACTION—DEMURRER.

    A complaint showing a good cause of action in plaintiff in his individual capacity and for the estate which he represents, each arising under the same contract, and demanding specific performance and damages, is not demurrable.

    [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 1673.]

Action by Nelson P. Greene, individually and as administrator of Adolphus T. Greene, against the New York, Ontario & Western Railroad Company. Demurrer to the complaint overruled.

William H. Sullivan, for plaintiff.
Howard D. Newton, for defendant.

FORBES, J. After a careful and considerate examination of the pleadings in this case, I am forced to the conclusion that the demurrer to the plaintiff's amended complaint must be overruled. The complaint shows one good cause of action in the plaintiff in his individual capacity, and I think an equally clear cause of action for the estate which he represents. I think under the earlier authorities of this state the complaint is subject to the objections raised by the demurrer, but under the Code of Civil Procedure there is no very serious doubt that the demurrer must be overruled. Each cause of action arose under the provisions of the contract between the railroad company and the original grantor, and whatever covenants are to be performed are covenants which run with the land, and that situation continued down to the death of the original plaintiff, Adolphus T. Greene. The action demands two kinds of relief arising out of the breach of that contract: First, in equity, for a specific performance of the covenants; and, second, for damages arising from the breach of the same covenants. The present plaintiff has a right to the enforcement of those covenants in behalf of himself and under the transfer to him from the other owners. It seems to me that the difficulty with the complaint is that the causes of action are not numbered, and stated separate counts, but that is not a ground of demurrer.

Seven cases are cited by the demurrant, four of which arose in the old General Term, two at Special Term, and the other in the Court of Appeals; but it will be observed that all of them were decided in or before 1888. Four other cases are cited of more recent date, but these are decisions in the Court of Common Pleas of the City of New York, and one in the Superior Court of the City of New York. In those inferior courts the rules of pleading are entirely different. On the other hand, in more recent years the Appellate Division and the Court of Appeals seem to have taken a broader view of the situation, sustaining a more liberal practice. In overruling the demurrer I am not called upon to carefully analyze the cases, but, commencing with 17 How. Prac., a line of cases seem to be uniform in accepting the position which I must hold. Armstrong v. Hall, 17 How. Prac.

76; Shepard v. Manhattan R. R. Co., 117 N. Y. 442, 23 N. E.. 30; Miles v. Dover Furnace Co., 125 N. Y. 294, 26 N. E. 261; Witherbee v. Meyer, 84 Hun, 146, 3 N. Y. Supp. 537, s. c. affirmed in 155 N. Y. 446, 50 N. E. 58; Peck v. Richardson (Sup.) 44 N. Y. Supp. 919; Tew v. Wolfsohn, 77 App. Div. 454, 79 N. Y. Supp. 286, s. c. affirmed, 174 N. Y. 272, 66 N. E. 934; Moss v. Cohen, 158 N. Y. 240, 53 N. E. 8; Hirsh v. Manhattan R. R. Co., 84 App. Div. 374, 82 N. Y. Supp. 754. I think from this line of authorities it will be found that the defect in the complaint, if any, cannot be remedied by demurrer.

The demurrer must therefore be overruled, and an interlocutory judgment entered, with costs, with leave to answer within 20 days on payment of costs.