## LOUIS ERWIN JACOBS, EXECUTOR, *vs.* ANSON T. BUTTON ET ALS.

Third Judicial District, Bridgeport, October Term, 1906.

BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, JS.

Ordinarily an indebtedness incurred by the testator and secured by a mortgage upon his land specifically devised, is to be satisfied out of the general personal assets of his estate. This rule rests upon the presumed intention of the testator, which is fortified by a direction in his will requiring his executor to pay all his " just debts and funeral expenses."

In the present case the testator, having made such a will, afterward quitclaimed his equity of redemption in the mortgaged premises to the devisee. *Held* that the obligation of the estate to discharge the mortgage, which formed part of the testamentary provision in favor of the devisee, was not adeemed nor affected by the conveyance of the equity.

Oral evidence of the actual intent of the testator in the execution of his will and deed was admitted against objection. *Held* that its admission was harmless, since the conclusion reached by the trial court was the same the law would have been obliged to draw from the undisputed facts.

A will is the legal declaration of one's intention as to the disposition of his property after death.

Evidence of the condition of a testator's property at the time the will is made, as well as at the time it takes effect, may throw light upon the meaning and effect of the language used in expressing his intention, and is therefore admissible for that purpose, in connection with the written instrument.

The real question in the present case was not whether the executor was bound, primarily, to pay the mortgage indebtedness, but whether, if he did so, he would have a valid claim for reimbursement upon the land devised. *Held* that this question could have been readily settled in an action by the executor against the devisee, and therefore a resort to the cumbrous and expensive method of a suit for the construction of the will was unnecessary and improper.

Argued October 24th—decided December 18th, 1906.

SUIT to determine the rights of the respective beneficiaries under the will of William Button of New Haven, deceased, brought to and tried by the Superior Court in New

Haven County, *George W. Wheeler, J.;* facts found and judgment rendered in favor of the respondent Clara J. Welton, and appeal by the other respondents and by the plaintiff. *No error.*

The facts of record, so far as material to the questions of law presented by the appeal, are as follows:—

On August 25th, 1903, William Button died, testate, leaving an estate of considerable value. The heirs at law of Button were a sister and a brother, and four nephews and a niece, named as defendants. The plaintiff duly proved the will and qualified as executor.

On April 18th, 1902, Button executed the will in question. The provisions of the will were: First, a direction to his executor to fully pay and discharge all the testator's just debts and funeral expenses. Second, a small legacy to his sister and one to his niece. Third, the gift of his land at the corner of Davenport Avenue and Howard Avenue to the defendant Clara J. Welton. Fourth, the gift of all his property, except that piece devised to Clara J. Welton, one half to his brother and the other half to his nephews and niece.. The gift to Clara J. Welton was as follows: " I give, devise, and bequeath to Clara J. Welton, my faithful and honest housekeeper (she having cared for me and gave me the best possible care, when my relatives would not, and who has taken perfect care of all my real and personal property, and who paid the bills, collected the rents, and cared for my household in such excellent ways that I must remember her in this my last will), the house and all the lands connected therewith at the corner of Davenport Avenue and Howard Avenue, for her own use." At the time this will was executed William Button owed three debts, for each of which he had given his promissory note, and had secured the payment thereof by a mortgage of a portion of his land at the corner of Davenport and Howard avenues; these debts, amounting in the aggregate to $3,700, were not paid by Button during his life, and continued unpaid at the time of bringing this action, together with interest thereon since Button's death.

On September 30th, 1902, William Button executed and delivered to Clara J. Welton a deed of his land at the corner of Davenport and Howard avenues, being the same land mentioned in his will. This deed was in the usual form of the "quitclaim deed" authorized by our law for the conveyance of land without warranty. The consideration expressed is "$1 and other valuable considerations received to my full satisfaction." The land is not described as subject to any incumbrance, and no reference of any kind is made to debts of the grantor secured by mortgage on the property, or any portion thereof.

The question presented to the trial court by the claims of the defendant Welton, on one side, and the residuary legatees on the other side, was this: Upon the facts above set forth is it the duty of the executor to pay the debts which William Button has secured by mortgage of his land, or is it the duty of the defendant Welton to pay the same? The court decided this question in favor of the defendant Welton, and the error claimed to be involved in this ruling is substantially the only error assigned in the appeal.

*E: P. Arvine*, for the appellants Anson T. Button *et als.* (respondents).

*Levi N. Blydenburgh*, for the appellant (plaintiff).*

*John O'Neill*, for the appellee Clara J. Welton (respondent).

HAMERSLEY, J. A will is the legal declaration of intention as to the disposition of one's property after death. To this intention, made known through the written declaration, the law gives effect, and so executes the testator's

---

* The court suggested that where all parties beneficially interested were before the court, the executor had no interest to protect on appeal, and that his counsel ought not to act for either of the contesting parties. After a brief consultation the court adhered to this view and declined to hear Mr. Blydenburgh.

will.  *Voluntatis nostrae justa sententia de eo, quod quis post mortem suam fieri velit.*  Pandects of Justinian, Ch. 28, 1; 2 Bl. Comm. 499.  The condition of a testator's property at the time his declaration of intention is made, as well as at the time it takes effect, may throw light upon the meaning and effect of the language used in expressing his intention, and for this purpose is considered, in connection with the written declaration, in determining the intention made known by that writing.  *Bond's Appeal*, 31 Conn. 183, 190.

Reading Mr. Button's will in the light of the circumstances attending its execution, which remained unchanged until his death, his intention in respect to the defendant Welton is clear.  He intended that she should have, after his death, the land described, and also that his executor should appropriate $3,700 of his personal estate for her benefit in the payment of the promissory notes secured by mortgage on the land, for the purpose of discharging the mortgage lien.

The clause of the will devising the land to the defendant Welton, and the clause directing the full payment and discharge of all the testator's debts, must be read together, and read in connection with the fact that at the time the will was executed and at the time it became operative the testator owed three particular debts which, unpaid, were a lien upon the land reducing its value ; so read, the will plainly gives to the defendant Welton, in addition to the land described, the right to have these debts fully paid and the damaging lien thus discharged.  The law imposes upon an executor the duty of paying his testator's debts, and his payment of a debt secured by mortgage on land specifically devised operates in favor of the devisee to relieve that land from the mortgage lien.  When the will expressly directs the payment of a debt secured by mortgage on land specifically devised, it operates as a gift from the testator to the devisee from the general personal assets.  In this case the result is the same as if the devise to the defendant Welton of the land at the corner of Davenport

and Howard avenues had been followed by an express direction that the mortgage upon it should be paid by the executor. *Turner* v. *Laird*, 68 Conn. 198, 200, 35 Atl. 1124; *Beard's Appeal*, 78 Conn. 481, 484, 62 Atl. 704.

The appellants contend that the testator by conveying to the defendant Welton, shortly after the execution of his will, the land therein mentioned, then carried out his testamentary bounty and so adeemed his bequest to her. If, as the appellee contends, this conveyance in fact gave to the donee the land free from all incumbrances, the testator would, by thus giving in his lifetime to his legatee all that by his will he had given after death, have adeemed his testamentary gift. But such an ademption would not affect the validity of the trial court's judgment; the decision that it is the duty of the executor to pay these debts would remain unquestionably correct. On the other hand, if the conveyance was in fact, as claimed by the appellants, a gift of the land subject to the mortgages, so that it must be appropriated to the satisfaction of the mortgage debts unless they are paid by the donee, it is clear that the testator has not by such conveyance given to his legatee the interest in his personal estate which he had left her in his will. It is also clear that in making the conveyance he has not so dealt with his property as to render impossible the payment for the benefit of the legatee which the will directs. There has not, therefore, been a total ademption of the testator's provision for the defendant Welton. *Connecticut T. & S. D. Co.* v. *Chase*, 75 Conn. 683, 690, 55 Atl. 171.

In this State a will is revoked if, after execution, the testator shall marry, or if a child is born to him, and no provision is made in the will for such contingency, and no will can be revoked, in whole or in part, in any other manner, except by burning, canceling, tearing, or obliterating it by the testator or by some person in his presence by his direction, or by a later will or codicil. General Statutes, § 297; *Miles' Appeal*, 68 Conn. 237, 244, 36 Atl. 39. But a particular bequest, although unrevoked, may become practically inoperative, if the testator in his lifetime gives

to his legatee the specific thing which the will directs to be given after his death, or if the testator so deals with property which is specifically bequeathed to a legatee that upon his death the execution of his intention in respect to this legatee is impossible. In such case he is said to adeem his bequest, and the practical result necessarily involved in his act is spoken of as an ademption of the legacy. Where the law recognizes a power of implied revocation by acts of the testator similar to those which must result in ademption, there may in some cases be no distinction between ademption and revocation; but in this State, where such implied revocation is forbidden by statute, the clauses of a will containing a bequest are not revoked by acts which may operate as an ademption, but remain as the legal declaration of the testator's intention to be carried out unless the execution after his death is impossible; and so a present gift of a part only of a testamentary bequest, or a sale or conveyance to a third party of a part only of property specifically bequeathed, does not prevent the execution of the testator's intention as to the remainder, and the ademption is not total but *pro tanto*. Assuming the appellants' claim as to the legal operation of the " quitclaim " deed to be correct, it is apparent that Mr. Button in his will intended to and did give to the defendant Welton his equity of redemption in the land described, and also intended to and did give to her the right to have the general personal assets of his estate applied to the payment of the mortgage debt and the discharge of the mortgage lien; and that by his " quitclaim " deed he made a present gift to her of his equity of redemption only, and did no act which rendered impossible the execution of the remainder of his testamentary gift. It follows conclusively, that upon his death his mortgage debts remaining unpaid and his general personal assets sufficient to pay them, and the defendant Welton remaining the owner of the equity of redemption, it is the duty of the executor to pay these debts and so discharge the mortgage liens. The testator may have adeemed his gift of the equity of redemption, but he has not adeemed the remain-

der of his gift. *Bradford* v. *Forbes*, 9 Allen (Mass.) 365, 368.

The appellants assign as error certain rulings of the court in the admission of oral evidence tending to show the actual intention of Mr. Button in the execution of his will and deed. Even without this evidence, and upon the documents and facts properly before the court, the conclusion reached by the court is the only legal conclusion from the facts found. The exclusion of the oral evidence could not have benefited the appellants, for the legal conclusion would have been the same; and for the same reason, its admission did not legally harm them. Even if the court failed to apply correctly the law of evidence to the somewhat subtle distinctions involved in the discussion before it, the error did not injuriously affect the appellants and is not ground for a new trial. General Statutes, § 802; *New York & N. E. R. Co.'s Appeal*, 62 Conn. 527, 542, 26 Atl. 122; *Baxter* v. *Camp*, 71 Conn. 245, 250, 41 Atl. 803.

It would seem from the record that the creditors holding the testator's notes secured by the mortgages mentioned, duly presented their claims to the executor within the time required by law and demanded payment thereof, but that fact is not distinctly found. If it be true that such presentation and demand was made, the duty of the executor to pay the claims presented was certain, and if any doubtful question existed it was one which could be fully determined in an action by the executor against the defendant Welton. In such a case resort should not be had to this proceeding for the construction of a will and advice to the executor, with its consequent unnecessary multiplication of parties and depletion of the decedent's estate. *Crosby* v. *Mason*, 32 Conn. 482, 484; *Miles* v. *Strong*, 62 id. 95, 103, 25 Atl. 459; *Belfield* v. *Booth*, 63 Conn. 299, 309, 27 Atl. 585.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.