JOHN M. ALEXANDER, ADMINISTRATOR C. T. A. (ESTATE OF HELEN M. FORS) *v.* CHARLES S. HOUSE, GUARDIAN AD LITEM, ET AL.

MALTBIE, C.J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 17—decided July 9, 1947

*Douglass B. Wright,* with whom was *Roger W. Davis,* for the plaintiff.

*William C. Bieluch,* with whom, on the brief, were *Franz J. Carlson* and *Frank Covello,* for the defendant (Walter W. Hall).

*Francis C. Cady,* for the defendant (The Socialist Labor Party).

*Charles S. House,* for the named defendant.

MALTBIE, C. J.  This action, coming to us by reservation, presents questions as to construction and validity of certain provisions in the will of Helen Meri Fors, who died June 2, 1944.  The will is dated August 14, 1918.  In it the testatrix provided that her body should be cremated and the ashes mixed with those of the body of her daughter who had died on July 11, 1918; that the ashes of the two should be placed in a designated room on the second floor of the testatrix' home in Wethersfield in which also was to be placed all the black mission furniture she had in the house; that her dining-room furniture should be placed in an adjoining room; that the executors

of the will were not to sell the home but were to maintain it, using for that purpose rentals from the first floor; that this floor was to be rented "to any member of the Socialist Labor Party, provided that said member shall be found by [my] executors a fit and proper person and one who will be able to pay the rental of said place"; that apart from a certain tract of land known as the "Andrews' property" the land surrounding the home should not be sold and the income from it should be used in the upkeep of the home.

While the will places the obligation to continue to maintain the premises on the executors, it would be their duty, if the provisions are valid, to settle the estate and qualify as trustees to carry out the provisions concerning the home. *Angus* v. *Noble,* 73 Conn. 56, 62, 46 A. 278; *Ryder* v. *Lyons,* 85 Conn. 245, 252, 82 A. 573. We shall, however, follow the will in speaking of the executors as the persons to administer the trust.

The primary question presented under these provisions is whether they constitute a violation of the rule against restraints on alienation. That rule in general makes invalid a restraint which is to continue for a longer time than a life or lives in being and twenty-one years, or, if not measured by a life or lives, for a longer time than twenty-one years. *Colonial Trust Co.* v. *Brown,* 105 Conn. 261, 281, 135 A. 555. We have repeatedly held that a trust for charitable uses is not within the rule against perpetuities, and in some of the cases the trusts were of real estate to be held in perpetuity for the purpose specified. *Woodruff* v. *Marsh,* 63 Conn. 125, 137, 26 A. 846; *Christ Church* v. *Trustees,* 67 Conn. 554, 565, 35 A. 552; *City National Bank* v. *Bridgeport,* 109 Conn. 529, 544, 147 A. 181. It is of the essence of

many charitable trusts that the lands involved should be so held; *Griffith* v. *State,* 2 Del. Ch. 421, 460; and the same reasons which have led to the decisions that the rule against perpetuities will not be applied to defeat charitable trusts require also a conclusion that the same is true as regards the rule against restraints on alienation. Zollmann, Charities § 530. This is fully recognized in our Statute of Charitable Uses, which requires that all estates which shall be granted for public or charitable uses "shall forever remain to the uses to which they have been or shall be granted." General Statutes § 5000.

The primary purpose of the testatrix was evidently to have her home maintained in perpetuity as a depository for the ashes of herself and her daughter. In *Coit* v. *Comstock,* 51 Conn. 352, 386, we held that gifts of money to ecclesiastical societies which were to be held as permanent funds and the income from which was to be applied to the keeping of certain burial lots in good order were void as constituting perpetuities. No doubt as a result of that decision the General Assembly at its session in 1885 amended the Statute of Charitable Uses to include, as it now does, gifts "for the preservation, care and maintenance of any cemetery, cemetery lot, or of the monuments thereon." Public Acts, 1885, Chap. 36. The direction to the executors to maintain the testatrix' home as a place where the ashes of herself and her daughter should be kept cannot be brought within the scope of this provision; and the trust for the perpetual maintenance of the home, under *Coit* v. *Comstock,* supra, would constitute an invalid restraint on alienation. Such a conclusion accords with the great weight of authority. *Bates* v. *Bates,* 134 Mass. 110, 114; notes, 4 A. L. R. 1124, 14 A. L. R. 118.

Nor can the trust be saved by the direction that a portion of the house be rented to a member of the socialist labor party. Under this provision the party is not the beneficiary; the testatrix referred to it merely by way of designating the class from which the executors were to select a tenant to occupy the house. In renting the premises they would be bound to use the care of an ordinarily prudent person in management of like property. *Willis* v. *Hendry,* 127 Conn. 653, 661, 20 A. 2d 375. This would require that they charge a reasonable rental. The provision can in no sense be regarded as one for the relief of the needy, nor does it have any other charitable purpose. It cannot save the devise of the testatrix' home from being held invalid as in violation of the rule against restraints on alienation. It necessarily follows that this would also be true with regard to the furniture the testatrix directed to be kept in the house.

In another provision of the will the testatrix gave the "Andrews' property" to the defendant Hall in fee. After the will was executed the testatrix conveyed this property, with other land, by warranty deed, taking back a mortgage on the whole which she owned at her death. The defendant Hall claims the whole or a part of the note secured by this mortgage. The conveyance of the land by the testatrix made it impossible to give effect to the devise of the property to Hall, and the mortgage can in no sense be regarded as representing it in the mind of the testatrix. This is peculiarly so in this case, as the mortgage included other land than that devised to him. The devise was adeemed by the disposal of the land. *Cowles* v. *Cowles,* 56 Conn. 240, 243, 13 A. 414; *Connecticut Trust & Safe Deposit Co.* v. *Chase,* 75 Conn. 683, 690, 55 A. 171; *Weed* v. *Hoge,* 85 Conn.

490, 495, 83 A. 636; *Emery* v. *Union Society,* 79 Me. 334, 341, 9 A. 891; *Lewis* v. *Thompson,* 142 Ohio St. 338, 343, 52 N. E. 2d 331; note, 65 A. L. R. 632. The testatrix also bequeathed to Hall "all the cattle belonging to me and now standing on my farm in the said Town of Wethersfield, Connecticut." At her death she owned no cattle meeting this description, and while she did own some which were on her farm in Newington they were not the same cattle she owned when the will was made in 1918. Evidently the latter had been disposed of by her or had died. The description of the cattle in the will constituted the gift a specific bequest. *Weed* v. *Hoge,* supra. "A specific legacy of a chattel, or of a particular debt or parcel of stock, is held to be adeemed when the testator has collected the debt or disposed of the chattel or stock in his lifetime, whatever may have been the motive or intent of the testator in so doing." *Cowles* v. *Cowles,* supra; see *Jacobs* v. *Button,* 79 Conn. 360, 365, 65 A. 150; 4 Page, Wills (Lifetime Ed.) § 1518.

The only dispositive provision in the will other than those we have discussed had lapsed at the testatrix' death. The will contained no residuary clause, and consequently all her property is intestate. The action before us does not present any question as to the application of the doctrine of approximation as regards the disposition of the ashes of the testatrix. *Seymour* v. *Attorney General,* 124 Conn. 490, 497, 200 A. 815. In the absence of a judgment of the court applying that doctrine, the matter is controlled by the provisions of § 4957 of the General Statutes which give the custody and control of the remains of a deceased resident of this state to the surviving spouse or, if there is none, to the next of kin.

To the first question propounded, asking whether the provisions of the will establish a valid trust as regards the home, we answer "No"; to the third question, asking whether the socialist labor party has any interest in that property, we answer "No"; to the fifth question, asking as to the disposition of the ashes of the testatrix, we answer that, as the matter now stands, § 4957 of the General Statutes is controlling; to the sixth and seventh questions, asking as to the disposition of the furniture mentioned in the will, we answer that it is intestate estate; to the eighth and ninth questions, asking as to the rights of the defendant Hall in the note secured by the mortgage on the "Andrews' property," and to the cattle owned by the testatrix at her decease, we answer that he has none; to the eleventh question, asking whether the will is wholly or partially invalid and what portion of the property passes as intestate, we answer that all the dispositive provisions of the will are invalid or ineffective and all the testatrix' property is to be administered as intestate.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.