Augustus J. Simmons *v.* Thomas C. McKone, Administrator d.b.n., c.t.a. (Estate of Anastasia Simmons), et al.

King, C. J., Alcorn, House, Cotter and Thim, Js.

Argued March 7—decided March 18, 1969

*Warren P. Johnson,* with whom was *Neal H. Jordan,* for the appellant (plaintiff).

*Joseph T. Sweeney,* with whom, on the brief, was *Paul E. Mersereau,* for the appellee (named defendant).

HOUSE, J. The parties stipulated to the facts in this case, and the court made a finding based on the stipulation. Anastasia Simmons, whom we will refer to as the testatrix, executed a will in March, 1962. In it she devised "[o]ne-half (½) of all my real estate" on route 75 in East Granby to the plaintiff, her son Augustus. The other one-half she devised to her son Charles. On November 11, 1964, she conveyed "one-half of her ownership" in this land to each of these two sons and immediately took back a mortgage deed from each of them which secured their respective mortgage notes for $4000. The record does not disclose the value of the land conveyed or whether she received from her sons any consideration other than the mortgage notes. The testatrix died on September 7, 1965, at which time the indebtedness on each note had been reduced to $3750. Her will, which contained other bequests and devises but no residuary clause, was duly admitted to probate, and the named defendant was appointed administrator d.b.n., c.t.a. Between September, 1965, and March, 1967, the plaintiff, under protest, made to the defendant administrator three payments on his mortgage note which reduced the balance due to $3000. In March, 1967, the administrator filed his final accounting, which listed as on hand for distribution as intestate estate the plaintiff's indebtedness on his note. The plaintiff thereupon filed an objection to this final accounting and prayed for distribution to himself of the outstanding indebtedness on his promissory note, as of the date of his mother's death, together with a refund of interest on the three

payments made under protest since her death. After a hearing, the Probate Court approved the accounting and ordered distribution made in accordance with it. From this decree the plaintiff appealed to the Superior Court, which found the issues for the defendant administrator and affirmed the order of the Probate Court approving and allowing the administration account. It is from this judgment that the plaintiff has taken an appeal to this court. His brother, Charles, took no appeal.

On these facts, which the court found from the stipulation of the parties, it concluded that, when the testatrix conveyed her ownership of the East Granby land to the plaintiff and his brother, she made it impossible to give effect to the specific devise to the plaintiff, and, accordingly, the devise contained in her will was fully adeemed and revoked by the conveyance of the land made by the testatrix during her lifetime. While conceding that a partial ademption did occur in November, 1964, when the testatrix conveyed to the plaintiff the land which was the subject of the specific devise in her will, the plaintiff, nevertheless, contends that such mortgage interest as the testatrix had at the time of her death, together with the underlying indebtedness, was not adeemed but passed to him under the devise in the will.

We find no error in the conclusion reached by the court. It is an application of the broad principle that the extinction of, or a material change or alteration in, the subject matter of a specific testamentary gift operates as an ademption of the gift. As stated in 57 Am. Jur. 1093, Wills, § 1594: "The general rule appears to be well settled that a change in the testator's interest in real property devised in his will from that of an absolute owner to that of a mort-

gagee works an ademption or revocation of the devise." "The conveyance of the land by the testatrix made it impossible to give effect to the devise of the property to . . . [the plaintiff], and the mortgage can in no sense be regarded as representing it in the mind of the testatrix. . . . The devise was adeemed by the disposal of the land." *Alexander* v. *House,* 133 Conn. 725, 729, 54 A.2d 510; see also cases cited in note, 65 A.L.R. 632, and 6 Page, Wills (Bowe-Parker Rev. 1962) § 54.7, p. 252.

The Connecticut cases upon which the plaintiff relies are not authority to the contrary. *Connecticut Trust & Safe Deposit Co.* v. *Chase,* 75 Conn. 683, 690, 55 A. 171, did not involve a specific devise. Also, there the testatrix had directed that certain of her lands be sold and that legacies to specified persons be paid from the proceeds of that sale. This court there held that the inter vivos sale of the land by the testatrix did not adeem the general legacies but simply facilitated their payment. *Jacobs* v. *Button,* 79 Conn. 360, 65 A. 150, held that under the doctrine of ademption a debt secured by a real estate mortgage is not equivalent to an ownership interest in the realty, a holding which supports the decision of the trial court in this case.

There is no error.

In this opinion the other judges concurred.