[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiffs, Frederick Leavenworth and Phyllis Rianhard, beneficiaries under the will of their deceased mother, Maude S. Leavenworth ("Testatrix"), commenced this action seeking a declaratory judgment regarding the construction of their mother's will. The Defendants are Paul Shea, Administrator CTA, and Wesley Leavenworth, a son of the Testatrix and beneficiary under the will.[1]
The Testatrix, a resident of Woodbury, Connecticut, died on November 4, 1989. In her last will and testament, dated July 1, 1988, and admitted to probate, the Testatrix made the following bequests:
ARTICLE THIRD
 I give and bequeath the sum of FORTY THOUSAND DOLLARS ($40,000.00) to my son, FREDERICK LEAVENWORTH.
ARTICLE FOURTH
 I give and bequeath the sum of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) to my daughter, PHYLLIS RIANHARD.
ARTICLE FIFTH
 I give, devise and bequeath all of my real estate, with two (2) dwelling houses and all other improvements thereon, situated in Woodbury, Connecticut, to my son, WESLEY LEAVENWORTH.
Upon the Testatrix's death, the liquid assets of her estate, excepting the real property devised in Article Fifth, were insufficient to satisfy the bequests set forth in Articles Third and Fourth.
The 1988 will substantially increased the monetary bequests CT Page 9278 to the Plaintiffs over those set forth in the Testatrix's previous 1980 will and 1985 codicil thereto. Based on this and on their allegations that at the relevant time the Testatrix was bound to know that, except for the real property, her estate contained insufficient assets to satisfy these monetary bequests, the Plaintiffs claim that an implied charge was created upon the realty.
The issue presented is whether the monetary legacies left to the Plaintiffs are to be satisfied by charging the real property devised in Article Fifth to Wesley Leavenworth. The will itself contains no written provisions charging or restricting a charge of the pecuniary legacies upon the real estate devised to the Defendant, Wesley Leavenworth. The will contains a separate residuary clause in Article Sixth. General Statutes §45a-426, however, is determinative.
General Statutes § 45a-426 provides in relevant part:
 (a) All pecuniary legacies given in any will shall, if the personal property of the testator is insufficient for the payment thereof, be a charge on his real property not specifically described and devised, unless otherwise directed in such will. (Emphasis added.)
"A statute should be construed so that no word, phrase or clause will be rendered meaningless"; Verrastro v. Sivertsen,188 Conn. 213, 221 (1982); and should be construed as written. Murrayv. Lopes, 205 Conn. 27, 34 (1987). The parties agree that the testamentary language of Article Fifth specifically devised the property. They are not in agreement as to whether the property was specifically "described."
Our courts have read similar language as specific devises; see, e.g., Simmons v. McKone, 158 Conn. 71, 72-73 (1969) (court read a devise of "`[o]ne-half (1/2) of all my real estate' on route 75 in East Granby" as a specific devise); and as sufficient descriptions. Weed v. Hoge, 85 Conn. 490, 496 (1912). Additionally, General Statutes § 45a-261 states that:
 Every devise purporting to convey all the real property of the testator shall be construed to convey all the real property belonging to him at the time of his decease, unless it clearly appears by his will CT Page 9279 that he intended otherwise.
Section 45a-261 indicates that testamentary language conveying all the real property of a testator is sufficient language to devise property. It necessarily follows that if such language constitutes a sufficient devise, such language must also be a sufficient description of said property.
Article Fifth of the Testatrix's will states: "I give, devise and bequeath all of my real estate, with two (2) dwelling houses and all other improvements thereon, situated in Woodbury, Connecticut, to my son, WESLEY LEAVENWORTH." The Court is satisfied that the language used by the Testatrix to devise the property to the Defendant Wesley Leavenworth sufficiently devises and describes the real estate for purposes of General Statutes § 45a-426(a).
The Plaintiffs argue that even if the devise in Article Fifth is specifically devised and described for purposes of §45a-426 (a), thereby prohibiting their pecuniary legacies from being charged against the devised realty, an exception exists. Citing 6 W. Page, The Law of Wills 125, § 51.10 (3d Ed. 1962), the Plaintiffs maintain that an implied charge is placed upon real estate to pay legacies in situations where the general assets of the testator are insufficient to satisfy the legacies, this fact is known to the testator, and the testator shows an intention that these legacies are to be paid in full. The Plaintiffs also rely on Cunningham v. Cunningham, 72 Conn. 253 (1899), for the proposition that this narrow exception is recognized by Connecticut courts.
Despite the Plaintiffs' claims to the contrary, W. Page, supra, § 51.10, does not support their position. The Connecticut cases cited in this section concern general, rather than specific devises of real property. Blakeslee v. Pardee,76 Conn. 263 (1903); Stearns v. Stearns, 103 Conn. 213 (1925). Further, the Testatrix's will, unlike the will construed inCunningham v. Cunningham, supra, contains no language charging the real estate specifically devised to the Defendant Wesley Leavenworth. Cunningham, therefore, is inapposite.
W. Page, supra, does however, provide the Court with some guidance in resolving the issue at hand. Section 51. 20 states, in relevant part that: CT Page 9280
 [r]ealty which is specifically devised can be charged with legacies only by some specific provision in testator's will which imposes such charge, or by clear and unmistakable implication from the entire will, when read in connection with the surrounding circumstances. The fact that testator has made a specific devise of certain realty tends to refute the inference of a charge thereon, which might otherwise have been drawn from provisions of the will, or from surrounding circumstances, if the realty had been devised in a residuary clause, or by a general gift, or was intestate realty.
W. Page, supra, § 51.20, p. 145.
For over two centuries, Connecticut courts have recognized this general rule that when a testator specifically devises real property, that property is not to be used to satisfy pecuniary legacies, unless otherwise directed under the will. See Case v.Case, Kirby (Conn.) 284, 285 (1787). General Statutes §45a-426(a) [formerly § 4944] is Connecticut's modern statutory codification of this rule. See Hewitt v. Sanborn, 103 Conn. 352,371-72 (1925). The Plaintiffs' position, therefore, runs counter to the specific language of General Statutes § 45a-426(a).
This Court finds that the pecuniary legacies left to the Plaintiffs in the Testatrix's will may not be charged against the real estate specifically devised to the Defendant Wesley Leavenworth. Judgment may enter accordingly in favor of the Defendants. No costs are granted to or against any party.
DAVID L. FINEBERG Superior Court Judge